Butleb, D. J.
A new trial is asked for on two grounds— First, that the statute under which the indictment is drawn does not require payment of the tax specified in advance of prosecuting the business; second, that the defendant was not a “wholesale dealer,” as charged.
Section 3242 of the Revised Statutes provides “that every person who carries on the business of a brewer, or wholesale or retail dealer in malt liquors, without having paid a special tax therefor, as required by law, shall, besides being liable for the payment of a tax, be fined not less than $10, nor more than $500.”
Section 3232 provides “that no person shall he engaged in or carry on any trade or business hereinafter mentioned, until he has paid a special tax therefor, in a manner hereinafter provided.”
Section 3237 provides “that all special taxes shall become due on the first day of May in each year, or on commencing any trade or business on which such tax is imposed. In the former case the tax shall be reckoned for one year; and in the latter case it shall be reckoned proportionately from the' first day of the month in which the liability to a special tax commenced, to the first day. of May following.”
Section 3239 requires the stamp denoting the payment of the tax to be prominently exhibited at all times, in the place where the business is conducted, and provides a penalty for failure to observe this requirement.
The foregoing provisions leave no room for doubt that the tax must be paid in advance. The business is prohibited, except when thus licensed; until the tax íb paid it cannot be lawfully pursued.
The case of U. S. v. Thirty-five Barrels of Spirits, 9 Leg. Int. Rev. Rec. 67, 68, does not, as I understand it, involve the point here under consideration. It arose out of a claim to forfeiture, under the statute of July 20, 1868, relating to distilleries. The provisions of that statute differ materially *57 from the provisions before me. It would seem doubtful, at least, whether the tax there involved could be paid in advance; whether ascertainment of the amount must not await the close of the year. The bond required to be given, in advance, would appear to be intended, in part, to secure their payment when the amount should be ascertained. The judge refers to the fact that the statute does not specify, in terms, when the tax shall be paid; and infers that it is not payable until after demand. In our case, as already seen, the provision is plain that the tax shall be paid in advance; that, according to section 3232, “no person shall carry on any trade or business * * * until he has paid” the tax; that, according to section 3237, the tax is due and payable on the commencement of the business; that, according to section 3239, the evidence that payment has been made shall at all times be exhibited where the business is carried on; that, according to section 3242, “every person who carries on the business, * * * without having paid” the tax, is liable to prosecution.
Is the defendant a “wholesale dealer,” as charged? The meaning of this language is defined by the fifth paragraph of section 3244 of the Revised Statutes, as follows: “Every person who sells or offers for sale malt liquors in quantities of more than five gallons, at one time, * * * shall be regarded as a wholesale dealer.” This language is so plain as to leave nothing for construction. The proviso which follows relates to a different subject, and in no wise qualifies it. If the quantity sold at one time exceeds five gallons, the party selling is a “wholesale dealer” within the meaning of the statute. If we interpolate the words “in one package,” as urged to do by the defendant, it is plain that the statute is not only changed in terms and effect, but is virtually abrogated. The wholesale dealer, in such case, need do no more to avoid payment of the tax than reduce the size of his vessels. By substituting demijohns and small casks for barrels and half barrels, he may prosecute his business without serious detriment, and escape the claim of the statute.
Motion denied.