## UNITED STATES *v.* LACHER.

CERTIFICATE OF DIVISION IN OPINION FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 654. Submitted March 28, 1890. — Decided April 14, 1890.

Section 5467 of the Revised Statutes creates two distinct classes of offences: the one relating to the embezzlement of letters, etc.; the other relating to stealing their contents.

Sections 3891 and 5467 of the Revised Statutes are to be construed together — the offences of secreting, embezzling or destroying mail matter which contains articles of value being punishable under the one, and like offences as to mail matter which does not contain such articles being punishable under the other.

When there is an ambiguity in a section of the Revised Statutes, resort may be had to the original statute from which the section was taken, to ascertain what, if any, change of phraseology there is, and whether such change should be construed as changing the law.

Penal statutes, like all others, are to be fairly construed according to the legislative intent, as expressed in the act.

The court again declines to answer a certified question which contains no clear and distinct proposition of law.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Maury* for the plaintiff.

*Mr. Benjamin Barker, Jr.,* for the defendant.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The defendant, an employé in the post-office at New York, was found guilty of embezzling a letter containing an article of value on an indictment under section 5467 of the Revised Statutes. A hearing on motions for new trial and in arrest of judgment before the circuit judge of the Second Circuit and the district judge, holding the court, resulted in a division of opinion upon the following questions, which were certified to this court:

"1. Whether an offence against the United States under section 5467, Revised Statutes, is charged in either the first or the third count of the indictment?

"2. Whether the embezzlement by a person employed in a department of the postal service of a letter intended to be conveyed by mail and containing an article of value, which shall have come into the possession of such person, is made an offence against the United States by § 5467 of the Revised Statutes of the United States, and whether any penalty is prescribed for such embezzlement by said section?"

Section 5467 is as follows:

"Any person employed in any department of the postal service who shall secrete, embezzle, or destroy any letter, packet, bag, or mail of letters intrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail carrier, mail messenger, route agent, letter-carrier, or other person employed in any department of the postal service, or forwarded through or delivered from any post-office or branch post-office established by authority of the Postmaster General, and which shall contain any note, bond, draft, check, warrant, revenue stamp, postage stamp, stamped envelope, postal card, money order, certificate of stock, or other pecuniary obligation or security of the government, or of any officer or fiscal agent thereof, of any description whatever; any bank-note, bank post-bill, bill of exchange, or note of assignment of stock in the funds; any letter of attorney for receiving annuities or

dividends, selling stock in the funds, or collecting the interest thereof; any letter of credit, note, bond, warrant, draft, bill, promissory note; covenant, contract, or agreement whatsoever, for or relating to the payment of money, or the delivery of any article of value, or the performance of any act, matter or thing; any receipt, release, acquittance, or discharge of or from any debt, covenant, or demand, or any part thereof; any copy of the record of any judgment or decree in any court of law or chancery or any execution which may have issued thereon; any copy of any other record, or any other article of value, or writing representing the same; any such person who shall steal or take any of the things aforesaid out of any letter, packet, bag, or mail of letters which shall have come into his possession, either in the regular course of his official duties or in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed, shall be punishable by imprisonment at hard labor for not less than one year nor more than five years."

It is argued that no indictment can be sustained under this section against a post-office employé for secreting, embezzling, or destroying any letter, packet, bag, or mail of letters intended to be conveyed by mail, etc., containing any of the articles named, or any other article of value, and that the only offence punishable under the section is that of stealing or taking any of the things aforesaid "out of any letter, packet, bag, or mail of letters." As secreting, embezzling or destroying letters, etc., containing articles of value, are plainly grave offences, and are described in the section with particularity, the intention to impose a penalty on their commission cannot reasonably be denied, and although the apparent grammatical construction might be otherwise, the true meaning, if clearly ascertained, ought to prevail. If there be any ambiguity in section 5467, inasmuch as it is a section of the Revised Statutes, which are merely a compilation of the statutes of the United States, revised, simplified, arranged and consolidated, resort may be had to the original statute from which this section was taken to ascertain what, if any, change of phraseology there is and whether such change should be construed as

changing the law. *United States* v. *Bowen*, 100 U. S. 508, 513; *United States* v. *Hirsch*, 100 U. S. 33; *Myer* v. *Car Co.*, 102 U. S. 1, 11. And it is said that this is especially so where the act authorizing the revision directs marginal references, as is the case here. 19 Stat. c. 82, § 2, p. 268; Endlich on Int. Statutes, § 51. Accordingly, we find that this section took the place of section 279 of the act of June 8, 1872 (17 Stat. 318), which reads as follows:

" That any person employed in any department of the postal service who shall secrete, embezzle, or destroy any letter, packet, bag, or mail of letters intrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail-carrier, mail-messenger, route-agent, letter-carrier, or other person employed in any department of the postal service, or forwarded through or delivered from any post-office or branch post-office, established by authority of the Postmaster General, and which shall contain any note, bond, draft, check, warrant, revenue-stamp, postage-stamp, stamped envelope, postal-card, money-order, certificate of stock, or other pecuniary obligation or security of the government, or of any officer or fiscal agent thereof, of any description whatever; any bank-note, bank post-bill, bill of exchange, or note of assignment of stock in the funds; any letter of attorney for receiving annuities or dividends, selling stock in the funds, or collecting the interest thereof; any letter of credit, note, bond, warrant, draft, bill, promissory note, covenant, contract, or agreement, whatsoever, for or relating to the payment of money, or the delivery of any article of value, or the performance of any act, matter, or thing; any receipt, release, acquittance, or discharge of or from any debt, covenant, or demand, or any part thereof; any copy of the record of any judgment or decree in any court of law or chancery, or any execution which may have issued thereon; any copy of any other record, or any other article of value, or writing representing the same; any such person who shall steal or take any of the things aforesaid out of any letter, packet, bag, or mail of letters which shall have come into his possession, either in the regular course of his official duties, or

in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed, every such person shall, on conviction thereof, for every such offence, be imprisoned at hard labor not less than one nor more than five years."

The words at the close of the section, "every such person shall, on conviction thereof, for every such offence, be imprisoned," are omitted in the revised section, and the question is whether that change works the change in the law contended for. It will be perceived that if the word "or," or the word "and," were supplied before the words "any such person who shall steal," etc., as having been omitted by way of ellipsis, a course often pursued, the objection would have nothing to rest on. But we do not think the supplying of any word is necessary. If the comma after the word "directed," in the third line from the close of the section as it appears in the Revised Statutes, be treated as a semicolon, the result is the same, and obviates any uncertainty in the matter. For the purpose of arriving at the true meaning of a statute, courts read with such stops as are manifestly required. *Hammock* v. *Loan and Trust Co.*, 105 U. S. 77, 84; *United States* v. *Isham*, 17 Wall. 496.

As contended on behalf of the defendant, there can be no constructive offences, and before a man can be punished, his case must be plainly and unmistakably within the statute. But though penal laws are to be construed strictly, yet the intention of the legislature must govern in the construction of penal as well as other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the legislature. *United States* v. *Wiltberger*, 5 Wheat. 76; *United States* v. *Morris*, 14 Pet. 464; *Am. Fur Co.* v. *United States*, 2 Pet. 358, 367.

"It appears to me," said Mr. Justice Story, in *United States* v. *Winn*, 3 Sumner, 209, 211, "that the proper course, in all these cases, is, to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature."

To the same effect is the statement of Mr. Sedgwick, in his work on Statutory and Constitutional Law, 2d ed. 282: "The rule that statutes of this class are to be construed strictly, is far from being a rigid or unbending one; or rather, it has in modern times been so modified and explained away as to mean little more than that penal provisions, like all others, are to be fairly construed according to the legislative intent as expressed in the enactment; the courts refusing, on the one hand, to extend the punishment to cases which are not clearly embraced in them, and, on the other, equally refusing by any mere verbal nicety, forced construction or equitable interpretation, to exonerate parties plainly within their scope."

This passage is quoted by Baron Bramwell in *Attorney General* v. *Sillem*, 2 H. & C. 532, as one "in which good sense, force and propriety of language are equally conspicuous; and which is amply borne out by the authorities, English and American, which he cites." *Foley* v. *Fletcher*, 28 L. J. (N. S.) Ex. 100, 106; *Nicholson* v. *Fields*, 31 L. J. (N. S.) Ex. 233; Hardcastle on Statutory Law, p. 251.

And the reason for the less rigorous application of the rule is well given in Maxwell on the Interpretation of Statutes, 2d ed. p. 318, thus:

"The rule which requires that penal and some other statutes shall be construed strictly was more rigorously applied in former times, when the number of capital offences was one hundred and sixty or more; when it was still punishable with death to cut down a cherry-tree in an orchard, or to be seen for a month in the company of gipsies. But it has lost much of its force and importance in recent times, since it has become more and more generally recognized that the paramount duty of the judicial interpreter is to put upon the language of the legislature, honestly and faithfully, its plain and rational meaning, and to promote its object. It was founded however, on the tenderness of the law for the rights of individuals, and on the sound principle that it is for the legislature, not the court, to define a crime and ordain its punishment."

We entertain no doubt that two classes of offences were intended to be created by section 5467, one relating to the

embezzlement of letters, etc., and the other to stealing the contents, and that this conclusion is not reached in violation of any rule of construction applicable to penal statutes.

But it is said that the offence of embezzling a letter is covered by section 3891 of the Revised Statutes, and that of abstracting its valuable contents by section 5467, and hence the latter was intended to be confined to stealing the contents and should not be held to embrace secreting, embezzling or destroying the letter, which might contain nothing of value.

Section 3891 is as follows:

" Any person employed in any department of the postal service, who shall unlawfully detain, delay, or open any letter, packet, bag, or mail of letters intrusted to him, or which has come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail-carrier, mail-messenger, route-agent, letter-carrier, or other person employed in any department of the postal service, or forwarded through or delivered from any post-office or branch post-office established by authority of the Postmaster General ; or who shall secrete, embezzle, or destroy any such letter, packet, bag, or mail of letters, although it does not contain any security for or assurance relating to money or other thing of value, shall be punishable by a fine of not more than five hundred dollars, or by imprisonment for not more than one year, or by both."

This section is based on section 146 of the act of June 8, 1872 (17 Stat. 302), which reads thus:

" That any person employed in any department of the postal service, who shall unlawfully detain, delay, or open any letter, packet, bag, or mail of letters intrusted to him, or which shall have come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail-carrier, mail-messenger, route-agent, letter-carrier, or other person employed in any department of the postal service or forwarded through or delivered from any post-office or branch post-office established by authority of the Postmaster General; any such person who shall secrete, embezzle, or destroy any such letter, packet, bag, or mail of letters, as aforesaid, which

shall not contain any security for or assurance relating to money or other thing of value, every such person shall, on conviction thereof, for every such offence, forfeit and pay a penalty of not exceeding five hundred dollars, or be imprisoned not more than one year, or both, at the discretion of the court."

The contention is that the embezzlement of a letter is punishable only under section 3891, whether it does or does not contain a thing of value; that if it does the offender is not liable under section 5467, unless he steals it; and that this is a reasonable and just construction, as the letter may have been taken without intention to abstract the article, and indeed without suspicion of the contents until the interior is explored. And it is urged that as section 146 of the act of June 8, 1872, expressly provided a penalty for the embezzlement of a letter, " which shall not contain " anything of value, and its substitute, section 3891, uses the language, " although it does not contain " anything of value, the latter section has been thereby broadened so as to punish the offence whether the letter contains an article of value or not. This view would require us to hold that the intention was to do away with the long-observed distinction between embezzling letters containing valuable matter and those which do not, and to absolve the culprit from liability for all the consequences of his unlawful act, notwithstanding the offences of secreting, embezzling, or destroying letters of the first class are carefully defined. If section 3891 covers the embezzlement of all letters and mail matter, no reason for the larger part of section 5467 can be perceived. The construction contended for is inadmissible.

We concur with counsel for the government, that as sections 146 and 279 of the act of June 8, 1872, are to be considered together, so are sections 3891 and 5467, and that the offences of secreting, embezzling, or destroying mail matter, not containing articles of value, are punishable under the one, and containing such articles under the other. We are unable to find any sound reason for the conclusion that Congress intended to substitute for " imprisonment at hard labor for

not less than one year nor more than five years," the penalty denounced by section 279 and carried into section 5467, in respect to the embezzlement of mail matter containing articles of value, " a fine of not more than five hundred dollars, or by imprisonment for not more than one year, or by both," the punishment for embezzling mail matter not containing such articles.

Similar views as to section 5467 were expressed by Judge Benedict in *United States* v. *Pelletreau*, 14 Blatchford, 126, and *United States* v. *Jenther*, 13 Blatchford, 335, and by Judge Brewer as to section 5469, in *United States* v. *Falkenhainer*, 21 Fed. Rep. 625. Contra, *United States* v. *Long*, 10 Fed. Rep. 879.

The first question certified is in a form frequently disapproved of. *Dublin Township* v. *Milford Savings Institution*, 128 U. S. 510, 514; *United States* v. *Northway*, 120 U. S. 327; *United States* v. *Hall*, 131 U. S. 50. The second question is answered in the affirmative and it will be

*So certified.*