## UNITED STATES v. DELANY.

### (Circuit Court, D. South Carolina. April 11, 1893.)

POST OFFICE—STEALING AND SECRETING LETTERS.

Rev. St. § 5467 defines and punishes two crimes against the United States: (1) Secreting, embezzling, and destroying letters containing anything of value; (2) stealing the contents of letters of the same character. U. S. v. Lacher, 10 Sup. Ct. Rep. 625, 134 U. S. 624, followed. U. S. v. Gruver, 35 Fed. Rep. 59, distinguished.

At Law. Indictment against St. Cyprian Delany for offenses against the postal laws. A verdict of guilty was rendered. Heard on motion in arrest of judgment. Denied.

S. J. Lee, for the motion.

B. A. Hagood and E. F. Cochran, Asst. U. S. Attys., opposed.

SIMONTON, District Judge. The defendant, a letter carrier in the service of the United States, was charged with violating section 5467, Rev. St. U. S., and was found guilty on 11 counts of the indictment under this section, charging him with secreting, em-

bezzling, and destroying the contents of certain letters which had come into his hands as such letter carrier, containing matter of value. He was also convicted, under section 3892, Rev. St. U. S., for unlawfully retaining, delaying, and opening a letter not containing an article of value. He now moves in arrest of judgment on the 11 counts above mentioned, because section 5467, Rev. St., by a casus omissus, has failed to provide a punishment for embezzling, secreting, and destroying a letter, and only punishes the felonious stealing of a letter with valuable contents.

This question was at one time disputed in the circuit and district courts of the United States. See U. S. v. Long, 10 Fed. Rep. 879; U. S. v. Atkinson, 34 Fed. Rep. 316; U. S. v. Falkenhainer, 21 Fed. Rep. 624; U. S. v. Wight, 38 Fed. Rep. 106. This section of the Revised Statutes was discussed in this court in U. S. v. Gruver, 35 Fed. Rep. 59, but in that case the indictment had omitted to charge that the defendant did steal or take the contents of the letter intrusted to him, and for that reason the motion in arrest of judgment was granted. All doubt, however, has been set at rest by the decision of the supreme court of the United States in U. S. v. Lacher, 134 U. S. 624, 10 Sup. Ct. Rep. 625, in which this precise question was made and discussed; and the court held that this section 5467 creates and punishes two classes of offenses,—one relating to the embezzlement of letters, and the other to the stealing of their contents,—and shows the difference between the offenses created and punished by sections 3891 and 5467. The first section creates and punishes the offense of unlawfully detaining, delaying, or opening a letter, and of secreting, embezzling, and destroying a letter, although it does not contain anything of value. The latter section (5467) creates and punishes the crime when such action relates to a letter containing an article of value, and the punishment is provided accordingly.

The motion in arrest of judgment is denied.