Concurring Opinion.
Watkins, J.
The defendant having been convicted, under Sec. 880 of the Revised Statutes, on the charge of having attempted to hinder and prevent one Charles Marshall from appearing and testifying as a witness in support of certain bills of indictment pending before the grand jury, and sentenced to five years’ imprisonment at hard labor in the penitentiary, prosecutes this appeal, relying upon nine bills of exception which were reserved during the progress of the trial.
The one of most importance is that raised on defendant’s motion in arrest of judgment which was denied by the trial judge.
The following is the tenor and substance of the motion, viz.:
*1204 That the defendant has been convicted of attempting to prevent, by persuasion, Charles Marshall from appearing and testifying as a witness, whereas Sec. 880 of the Revised Statutes under which the indictment was framed, does not create, recognize or refer to any such crime or offence; ‘ ‘ and the said defendant is not charged in said indictment with having by persuasion prevented said Charles Marshall from appearing and testifying as a witness.”
In other words, that the statute denounces as a crime the prevention of a witness from appearing and testifying, and not the attempt to prevent such witness from appearing and testifying; and conse - quently the indictment does not charge an indictable offence known to the law, and therefore the judgment and sentence of the court should be arrested.
The court held the indictment good and sufficient in law, and, in all respects, sufficient to warrant the verdict and judgment pronounced, and defendant’s counsel retained a bill of exceptions to the ruling of the judge.
The following is the language of our statute, viz.:
R. S., Sec. 880: “Whoever shall be convicted of bribery, or attempting to bribe any witness, or by any force or threat, or intimidation of any kind, or by persuasion, to prevent any witness in a criminal case, in any stage of the prosecution, from making the oath in any order to obtain a warrant of arrest, to the final trial, inclusive, from appearing or testifying as a witness, shall be sentenced to imprisonment at hard labor in the penitentiary not less than one, nor more than five years.”
And the indictment is couched in the language following, viz.:
“ The grand jurors of the State of Louisiana duly impaneled and sworn in and for the body of the parish of Orleans, in the name and by the authority of the said State, upon their oath present:
“ That one L. O. Desforges, late of the parish of Orleans, well knowing that certain bills of indictment ior felony and bribery were intended, and about to be preferred against certain councilmen of the city of New Orleans, who, as such, were municipal officers within the State, and that one Charles Marshall was a material witness in support of such bills of indictment, feloniously and corruptly contriving and intending to impede and obstruct the due course of justice, on the twenty-second day of June, in che year of our Lord one thousand eight hundred and ninety-four, with force and arms, in the *1205 parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the parish of Orleans, feloniously and corruptly, by felonious and unjust solicitation and persuasion, did feloniously and corruptly attempt to hinder and prevent the said Oharles Marshall from appearing and testifying as a witness in support of said bills of indictment so as aforesaid intended to be preferred against the said certain councilmen of the city of New Orleans, who, as such, were municipal officers within the State, contrary to the form of the statute of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same.”
Omitting for the present other grounds of objection, the question is whether the statute charges a crime when charging defendant with an attempt to hinder and prevent a witness from appearing and testifying in any given case, by persuasion, or otherwise.
Whilst it is not doubted that an “ attempt to bribe a witness ” is a crime within the terms of the statute, the argument of defendant’s counsel is, that an attempt by solicitation or persuasion, to prevent a witness from appearing and testifying, is not a crime which is denounced by the statute.
At first glance, it is noticeable, that the statute is susceptible of such an interpretation, for it declares that “ whoever shall be convicted of bribery or attempting to bribe any witness, or by force or threat, or intimidation of any kind, or by persuasion, to prevent any any witness,” etc. — the words “ any witness” twice occurring, suggesting a division of the text into two distinct paragraphs, separated by a semicolon. And if this be done the word ‘ ‘ attempting ” would be entirely eliminated from the latter paragraph; and, considering the sense of the whole statute, it might well be divided thus, as the former paragraph would apply to the bribery, or the attempt to bribe a witness, and the latter to the persuasion of a witness not to attend and testify.
This section' of the Revised Statutes is but a reproduction of the first section of Act 63 of 1869, ipsissimis verbis; but the second section of that act is assisting, in that it makes a similar division of the sense of the statute, as follows, viz:
“ That any witness in a criminal proceeding * * * who shall fail to appear or give evidence, when legally required to do so, by reason of being bribed, or persuaded to do so, on conviction,” etc.
In States vs. Tisdale, 41 An. 338, the defendant was indicted under *1206 section of Revised Statutes 880, as the defendant is, the charge being that ‘1 of having intimidated a witness.”
In treating that case we made subdivision of the sense of the statute, as we have just intimated, and separated the two paragraphs by a semi-colon, thus:
“ The statute declares that, ‘ whoever shall be convicted of bribery or attempting to bribe any witness; or by any force or threat, or intimidation of any kind, or by persuasion, to prevent any witness in a criminal case,” etc. (Italics as in opinion.)
To clearly demonstrate that the expression was purposely used, we have only to refer to the following paragraphs of the opinion, viz.:
“ That the Legislature intended that any person tampering with, bribing or intimidating a known witness * * * should be punished,” etc. (p. 340).
It further speaks of “ the intimidated witness,” and of intimidating him and preventing him from testifying as a witness, as accom - plished facts (p. 341). No mention is anywhere made of an attempt to intimidate, solicit or persuade the witness.
State vs. Taylor, 44 An. 967, presents a case of an indictment under the first paragraph of Sec. 880, charging the defendant with an attempt to bribe a witness.
These two decisions interpret the statute and suggest its division into two distinct paragraphs, as denoted by the employment of the term “ witness ” twice.
The only difficulty that is suggested as, in any way, interfering with such subdivision of the section, is the absence of a semicolon. But it is a well established principle of jurisprudence that “punctuation forms no part of a law.” It is but the work of a draughtsman, or amanuensis, engrosser, or often of a printer. It is frequently altogether disregarded by courts and judges, and they invariably exercise the function of so punctuating a statute as to effectuate the manifest legislative intent. This is conspicuously true of the Supreme Court; as, for instance, in United States vs. Isham, 17 Wallace, 496; Hammock vs. Farmers’ Loan and Trust Co., 105 U. S. 77; United States vs. Lacher, 134 U. S. 624.
In this last case the court, speaking through the Chief Justice, said:
*1207 11 For the purpose of arriving at the true meaning of a statute, courts read with such stops as are manifestly required.”
This court will adopt that theory as correct, and as one that is often necessary and useful in the interpretation of statutes, so as to avoid giving them a bias not intended by the Legislature.
We are indebted to counsel for the State for the foregoing authorities. Vide State vs. Payne, 29 Pac. Rep. 789.
On the foregoing hypothesis the defendant’s counsel substantially formulates the following proposition in support of their theory, that an attempt to persuade a witness is not a crime under the statute, viz.:
First — That the statute has two distinct offences in view, (1) the bribery or attempt to bribe a witness; (2) the intimidation or prevention of a witness from attending or testifying.
Second — The employment of the word “ witness” twice as indicative of the two different offences.
Third — The employment of the terms “ being bribed ” and “prevented,” in Sec. 881, likewise suggesting the two different offences.
Fourth — The character of the penalty — imprisonment at hard labor — putting the two offences upon the same plane.
Fifth — Imprisonment at hard labor in the penitentiary for a term of ñve years for an attempt to persuade a witness, being altogether incompatible with other criminal statutes of much graver import.
Generally speaking, under our law, punishable attempts appear to be restricted exclusively to consummated efforts, except cases which, in themseives, involve a breach of the peace; such as aiding or abetting in sending a challenge to fight a duel (R. S. 802) ; or furnishing tools or implements to assist a prisoner to break jail (R. S., Sec. 864) ; or attempting to rescue a prisoner after he shall have been arrested (R. S., Sec. 868) ; or attempting to rob another of money (R. S., Sec. 811) ; or attempting to set fire to any house (R. S., Sec. 845) ; or attempting to burn any bridge, shed, etc. (R. S., Sec. 847) ; or attempting to set fire to or burn any cotton (R. S., Sec. 848) ; or attempting to bribe any judge (R. S., Sec. 860) ; or attempting to corrupt or awe jurors (R. S., Sec. 861), and a variety of other attempts, which are enumerated.
To extend the theory of attempts to the persuasion of a witness not to appear and testify, would be an innovation upon criminal nomenclature.
*1208 Mr. Wharton states the rule by asking a question, and making answer thus:
“ Are solicitations to commit crime independently indictable?
“ They certainly are, as has been seen, when they, in themselves, involve a breach of the public peace, as is the case with challenges to fight, and seditious addresses. They are also indictable when their object is interference with public justice; as when a resistance to the execution of a judicial writ is counselled or perjury is advised ; or the escape of a prisoner is encouraged; or the corruption of a public officer is sought, or invited by the officer himself.
“They are' indictable, also, when they are in themselves offences against public decency, as in the case with solicitations to commit sodomy; and they are indictable, also, when they constitute accessoryship before the fact.
“ But is solicitation indictable when it is not either (1) a substantive indictable offence, as in the instances just named, or (2) a stage toward an independent consummated offence?
“The better opinion is, that when the solicitation is not in itself a substantive offence, or when there has been no progress made toward the consummation of the independent offence attempted, the question whether the solicitation is by itself the subject of a final prosecution must be answered in the negative. For we would be forced to admit, if we hold that solicitations to criminality are generally indictable, that the propagandists, even in conversation, of agrarian or communistic theories, are liable to criminal prosecutions; and hence the necessary freedom of speech and of the press would be greatly infringed.
“It would be hard, we must agree, if we maintain such general responsibility, to defend, in prosecutions for soliciting erime, the publishers of Byron’s 4 Don Juan,’ of Rousseau’s 4 Emile,’ or of Goethe’s ‘Elective Affinities.’
“ Lord Chesterfield, in his letters to his son, directly advises the latter to form illicit connections with married women; Lord Chesterfield, on the reasoning here contested, would be indictable for solicitation to adultery. Undoubtedly, when such solicitations are so publicly and indecently made as to produce public scandal, they are indictable as nuisances. But to make bare solicitations or allurements indictable as attempts, not only unduly and perilously extends the scope of penal adjudications, but forces on the courts *1209 psychological questions which they are incompetent to decide, and a branch of business which would make them despots of every intellect in the land.
“What human judge can determine that there is such necessary connection between one man’s advice and another man’s action as to make the former the cause of the latter?
“ An attempt, as has been stated, is such an intentional preliminary guilty act as will apparently result, in the usual course of natural events, if not hindered by extraneous causes, in the commission of a deliberate crime.
“ But this can not be affirmed of advice given to another, which advice such other person is at full liberty to accept or reject.
“ Following such reasoning, several eminent European jurists have declined to regard solicitations as indictable, when there is interposed between the bare solicitation on the one hand, and the proposed illegal act on the other, the resisting will of another person, which other person refuses assent and co-operation.” 1 Wharton’s Criminal Law, Sec. 179, 1738.
On that theory it was held in Smith vs. Commonwealth, 54 Penn. St. 209, that an indictment would not lie for solicitations to commit adultery.
In Stabler vs. Commonwealth, 95 Penn. St. 318, it was held “ that A’s handing to B poison and soliciting him to put it in C’s spring, was not an attempt to administer poison under the statute.”
In Cox vs. People, 82 Illinois, 191, it was held that an indictment would not lie for solicitations to commit incest, and “ that the mere effort, by persuasion, to produce a condition of mind consenting to incest, * * * is not an attempt.”
But it is contended that an attempt to dissuade a witness from attending a trial and giving his testimony is an indictable offence at common law, and that statement is relied upon as a precedent for a contrary interpretation of the statute under consideration.
But is that statement correct?
Mr. Blackstone says:
“Lastly, to endeavor to dissuade a witness from giving evidence, etc., * * * are high misprisons and contempts of the king’s court, and punishable by fine and imprisonment.” 4 Black. Com. 126.
And Mr, Bishop says:
*1210 “ The precision of our language is promoted by restricting ‘ misprison ’ to neglects; and such, it is believed, is the better modern usage.” 1. Bishop Crim. Law, Sec. 717.
Mr. Russell says :
“All who endeavor to stifle the truth and prevent the due execution of justice are highly punishable; and therefore the dissuading, or attempting to dissuade, a witness from giving evidence against a person indicted, in an offence at common law, though the person should not succeed.” 1 Rus. Orim. 182.
It is noticeable that the author does not state that “attempting to dissuade a witness ” was an indictable offence, but “an offence at common law.” That it was “ highly punishable,” but it does not say that it was a criminal act, and, as such, indictable.
Mr. Archibold, under the title of “persons who solicit and incite others to commit offences which are not afterwards completed,” says nothing of attempting to persuade a witness. 1 Arch. Or. PI. and Pr. 8, and note.
Under the heading of “attempt to commit crime,” that author furnishes various illustrations, such as (1) an attempt to provoke another to send a challenge, Regina vs. Phillips, 6 East. 464; an attempt to bribe a juror, Young’s case, 2 East. 14; to attempt to corrupt a judge in a case pending before him, 3 Just. 147; to an attempt by soliciting a servant to steal, Higgin’s case, 2 East. 5. But nothing is said of attempting to persuade a witness. 1 Arch. Cr. Pl. and Pr. 896, and note.-
In Myers’ Federal Decisions, under the heading of “ miscellaneous offences,” is found the following, viz.:
“ Section 1247. Attempt. Every attempt, or offer to commit any crime or misdemeanor at commom law, or by statute, is not an indictable offence. Only those attempts, or offers to violate laws, are indictable, which, if the attempt were carried into effect, would invade the very safeguards of. social order.” (Our italics.) 12 Myers’ Fed. Dec. page 371, Sec. 1247.
That is all the digest contains on the subject. The American and English Encyclopaedia of Law collates no adjudications on the subject.
In treating on the subject of “ attempt,” in quite an extended article, Mr. Bishop says:
“ Some acts are made substantive crimes, not so much on account *1211 of their inherent evil as of their tendency to promote ulterior mischief. Thus * * * false oaths and affidavits employed in judicial proceedings, preventing the attendance of witnesses, and the like, because they are calculated to prevent public justice,” etc. 1 Bish. Cr. Law, Sec. 734.
But that author makes no mention of an attempt to persuade a witness, as a common law offence.
I have made diligent examination of adjudicated cases in other courts of the Union, and find but few of them bearing on the question.
State vs. Carpenter, 20 Vt., presents the case of a witness having been actually persuaded not to attend. In Commonwealth vs. Reynolds, 14 Gray, 89, the court said it was indictable at common law to “ dissuade, hinder and prevent a witness from appearing,” etc. Citing Regina vs. Wyatt, 2 Ld. Raw, 1191; Regina vs. Bidwell, 1 Dennison, 222; The King vs. Stephenson, 2 East. 363. State vs. Early, 3 Harrington (Del.), 562, presents the case of a witness who had been actually persuaded.
The only dictum that tends, in the least, to give support to the contrary contention of the State, is found in an isolated expression of Mr. Wharton, in his treatment of the persuasion of a witness “ to give particular testimony, irrespective of the truth, which is to the effect that an attempt to persuade a witness from attending a trial, is not merely a contempt of court, but may be punishable by indictment.” 2 Whar. Cr. Law, Sec. 1333.
In support of that dictum, the author cites the cases we have collated supra; but, as we have shown, they exclusively relate to cases in which persuasion has been successful. Of all the cases cited the only one which bears him out is that of State vs. Ames, 64 Maine, 386, which is strictly sui generis, and relates to a witness, in a prosecution for the violation of the liquor law, who was sought to be persuaded away.
To show that this dictum is quite exceptional it is sufficient to say-that the section quoted (1333) is found under the title of “perjury,” and is not found at all in the earlier editions of the author.
Mr. Bishop makes a similar alteration in a recent edition of his treatise on criminal law (Sec. 468), citing the same authorities to-which Wharton refers supra.
On the foregoing authorities it can be safely affirmed that a mere- *1212 attempt by persuasion to hinder or prevent a witness from attending and giving evidence at a trial was not an indictable offense at common law; only a contempt of court, which was punishable as such.
Let us see in what analogy this alleged offense stands to other punishable attempts in respect of the punishment which is denounced by our statutes.
For instance, murder is punishable with death (R. S. 784), but an attempt to commit murder is punishable with imprisonment at hard labor not exceeding two years. R. S. 792.
Whoever attempts to rescue any prisoner in custody shall suffer fine or imprisonment. R. S., See. 866.
Whoever shall attempt to rob from another person any money or other property shall be punishable with imprisonment not less than six months nor more than five years. R. S., Sec. 811.
Whoever shall give, or promise to give, any judge, or other person concerned in the administration of justice, any bribe or reward, shall suffer fine and imprisonment. R. S. 860.
That for every attempt to corrupt or awe jurors in trial of any cause, by menace, threats, giving money, or promise of any pecuniary advantage, or otherwise, shall, on conviction, be fined not less than one hundred dollars, nor more than five hundred dollars, and imprisoned not less than six months, nor more than two years. R. S. 861.
Yet, under the construction that has been placed on Revised Statutes, 880, the defendant has been convicted of the crime of attempting, by persuasion, to prevent the attendance of a witness before the grand jury, which attempt was unsuccessful, and, in this court, he is appellant from a judgment sentencing him to a term of five years’ hard labor in the penitentiary.
Taking into consideration the entire scheme of crime and its punishment — both at common law, and under our statutes — can it be reasonably deduced therefrom that it was the evident intention of the Legislature to denounce, in Sec. 880 of the Revised Statutes, an attempt, by persuasion, to prevent a witness attending a trial, as a crime which is punishable with five years’ imprisonment at hard labor in the State penitentiary?
'In my opinion, both the plain meaning of the statute and a reasonable and just interpretation of it indicate the opposite view.
*1213 It has always been the rule — constantly adhered to in every jurisdiction — that criminal statutes must receive strict interpretation.
In State vs. King, 12 An. 593, it was held that “in construing penal statutes courts can not take into view the motives of the lawgiver, further than they are expressed in the'statute.”
In State vs. Peters, 87 An. 730, it is held that criminal statutes can not be extended to cases not included within the clear import of their language, and held Act 64 of 1884 null and void.
In the recent and conspicuous case of State vs. Gaster, 45 An. 636, this court said:
“ All crimes in Louisiana are statutory, and there can be no crime which is not defined and denounced by statute.”
Again:
“The twenty-third section of the act of 1805, authorized a reference to the common law of England for the definition of particular crimes therein enumerated, but neither that nor any other law of the State has authorized reference to that system in order to ascertain the definition of any other crime not enumerated.”
And the court held that there was, under our law, no such crime as a “misdemeanor in the execution of an office,” and abated the indictment, holding that R. S., Sec. 869 was null and void.
This is precisely what we are called upon to decide in reference to R. S., Sec. 880, in so far as the charge of the indictment against the defendant is concerned.
And my appreciation of the statute leads to that end.
Entertaining this view, I concur in the decree.