INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. FRITZ VOSS.

Decided March 18, 1908.

1.—Johnson Grass Act—Repeated Violations—Act Construed.

Under the provisions of the statute commonly known as the "Johnson Grass Act" (Gen. Laws 1901, p. 283) a railroad company is liable for the penalties therein prescribed whenever and as often as it permits Johnson grass to mature and seed on its right of way. One recovery is not a bar for all time to any other recovery for a violation of said statute.

2.—Penal Statutes—Construction.

While penal statutes should, as a rule, be strictly construed, still this rule should not be carried to the extent of defeating the obvious intention of the Legislature. The intention of the Legislature should govern in the construction of such statutes, as well as others, and the words should be given such sense as will harmonize best with the context and promote in the fullest manner the apparent policy and object of the law.

3.—Johnson Grass Act—Permitting Grass to Mature on Adjacent Land.

Where a railroad company is sued for permitting Johnson grass to mature and seed on its right of way for five successive years, and the judgment is for only two penalties, and the evidence showed that the plaintiff permitted Johnson grass to mature on his own land for two of the years, it will be assumed in support of the judgment that the penalties were for years during which the grass did not mature on plaintiff's land.

Appeal from the County Court of Milam County. Tried below before Hon. John Watson.

*Henderson & Lockett,* for appellant.

No briefs for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by Voss against the railway company to recover $150 penalties provided for by the Act of the Legislature approved April 18, 1901, on page 283 of the session laws of the 27th Legislature, commonly known as the "Johnson Grass Act."

The appellee recovered a judgment in the justice's court, from which the appellant appealed to the county court, and there judgment was rendered against it for the sum of $50 for two violations of the law in question, which is the basis of this appeal.

It is alleged in appellee's claim that the railway company, during the years 1902, 1903, 1904 and 1905 and twice during the year 1906, permitted Johnson grass to mature and go to seed upon its right of way contiguous to his land, and for each act so alleged, the appellee sues to recover the penalty of $25 provided by the statute.

The first assignment of error raises the question that under the facts as pleaded the appellee could recover for only one violation of the law, that the statute did not contemplate that a penalty would be allowed for each act of permitting Johnson grass to mature and go to seed. We cannot accept as correct this construction of the statute. By its terms it is made unlawful for the railway company to permit Johnson grass to mature and go to seed upon its right of way; and by the second section of the Act a penalty is provided in favor of the owner of the contiguous lands in the sum of $25, and also an additional sum as damages, which latter item is not involved in this controversy. The objection to the judgment presented by this assignment, when analysed, raises this exact question: When the railway company has once violated the terms of this statute by permitting Johnson grass to mature and go to seed, is it thereafter for all time to come relieved from liability from the operation of the terms of the statute? The question itself, it seems to us, suggests its answer. A railway company may permit Johnson grass to mature and go to seed and the harmful results from this act to the owner of the premises contiguous to the right of way may be removed by the absolute destruction of the Johnson grass upon the right of way and adjacent premises, and thereafter the railway company may again permit the Johnson grass to mature and go to seed and again occasion the same harmful results to the adjacent owner that was produced in the first instance. Further, the railway company may have, at some time in the past, violated the statute by permitting Johnson grass to mature and go to seed, and for this infraction of the law it may have become liable by judgment and paid the penalty provided in the statute; and thereafter, through acts of diligence for a number of years, have prevented the Johnson grass from maturing and going to seed, and subsequently, by failure to exercise care, had again permitted it to mature and go to seed. To hold in such cases that the railway company would not be liable would be doing violence to the purpose and intention of the law, and would have the effect to perpetuate the evil sought to be remedied and denounced by the statute.

There is evidence to the effect that during each of the years 1902, 1903, 1904, 1905 and twice during the year 1906, the defendant permitted Johnson grass to mature and go to seed on its right of way and contiguous to the plaintiff's farm and immediately adjoining same.

There is no evidence in the record showing how often during each year Johnson grass will mature and go to seed, and it is not a fact of which we will take judicial notice; but we can safely assume that it is not continually in a state of maturity, and is not at all times during the year producing seed. Therefore, the act denounced and sought to be prohibited by the statute is not continuous. If it was of such a nature there might be much force in the contention of the appellant. The evil sought to be remedied is to prevent Johnson grass from spreading and injuring the land of the adjacent owner; and it is clear from the Act upon this subject that the Legislature regarded that it was through the scattering and distribution of the seed that this harmful result would be produced. There is nothing in the law that suggests the idea that all the injury that could result to the land of the adjoining owner would follow from one act of permitting the grass to mature and go to seed; but, on the contrary, it is more reasonable to assume that the more frequently it was permitted to mature and the more seed was produced, the more harmful would be the results likely to follow.

The rule of strict construction that governs the courts in construing statutes of this character is not held to mean that you are not permitted, in determining its nature, scope and effect, to inquire into the evil sought to be remedied and the legislative intention obvious from the terms of the law. As said in United States v. Lacher, 134 U. S., 624: "There can be no constructive offenses, and before a man can be punished his case must be plainly and unmistakably within the statute. But though penal laws are to be construed strictly, yet the intention of the Legislature must govern in the construction of penal as well as other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the Legislature; that the proper course is to search out and to follow the true intention of the Legislature, and to adopt that sense of the words which harmonizes best with the context and promotes in the fullest manner the apparent policy and object of the law. The rule that statutes of this class are to be construed strictly is far from being a rigid and unbending one; or rather it has in modern times been so modified and explained as to mean that penal provisions, like all others, are to be fairly construed according to the legislative intent as expressed in the enactment; the courts refusing, on the one hand, to extend the punishment to cases which are not clearly embraced in them, and, on the other, equally refusing, by any mere verbal nicety, forced construction or equitable interpretation to exonerate parties plainly within their scope."

There is another objection urged by the appellant to the judgment of the trial court, and this is based upon evidence showing that the appellee permitted Johnson grass to mature and go to seed upon his lands adjoining and contiguous to the right of way during the years 1902 and 1903. The statute upon which this action is based provides that the owner or person controlling the land contiguous to the right of way who permits Johnson grass to mature and go to seed upon his land shall have no right to recover the penalty or damage provided for in this statute. In support of the judgment of the trial court we can assume that it was based upon the conduct of the ap-

pellant in permitting the grass to mature and go to seed for the years subsequent to 1903. Of course, it must be conceded that if the plaintiff's recovery was based upon the act of the appellant in permitting the grass to mature and go to seed in the years 1902 and 1903, the provision of the statute quoted would bar the plaintiff's right to recover, but for the subsequent years, such a result would not necessarily follow. The effect of the evidence upon this subject is that for these latter years the plaintiff did not permit Johnson grass to mature and go to seed. It may be that he had entirely destroyed the Johnson grass that he had previously permitted to mature, or it may be that by efforts of diligence he had suppressed it and kept it reduced to such a condition that it could not mature and produce seed. The former act of his in permitting it to mature and go to seed, which was not followed by like conditions for subsequent years, would not in our opinion necessarily bar his right to recover against the railway company for its conduct during these subsequent years in permitting grass to mature and go to seed.

We find no error in the record and the judgment is affirmed.

*Affirmed.*