**FARMER v. UNITED STATES.**
**ISBELL v. SAME.**

Nos. 2433, 2434.

Circuit Court of Appeals, Tenth Circuit.

June 16, 1942.

Louis A. Fischl, of Ardmore, Okl. (Thos. W. Champion, of Ardmore, Okl., on the brief), for appellants.

Cleon A. Summers, U. S. Atty., of Muskogee, Okl. (Frank Watson, Asst. U. S. Atty., of Muskogee, Okl., on the brief), for appellee.

Before PHILLIPS and HUXMAN, Circuit Judges, and SAVAGE, District Judge.

PHILLIPS, Circuit Judge, delivered the opinion of the court.

J. Marvin Farmer and W. E. Isbell[1] have appealed from a conviction on an indictment charging a violation of 26 U.S.C.A. Int.Rev.Code, § 3253. The indictment charged that the defendants, on or about August 9, 1941, in Bryan County, in the Eastern District of Oklahoma, willfully, unlawfully, and feloniously carried on the business of a retail liquor dealer without having paid the special tax therefor imposed by law. The proof adduced established that the defendants on August 7 and 9, 1941, carried on the business of a retail liquor dealer at the place charged in the indictment and that they had no retail liquor dealer's stamp. There was no proof that they had engaged in the retail liquor business prior to August 7, 1941, nor that they did not pay the special tax imposed therefor by the last day of August, 1941. The applicable statutes are found in Parts VII and VIII of chapter 27 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3250 et seq. and § 3260 et seq.

26 U.S.C.A. Int.Rev.Code, § 3271(a) provides that "No person shall be engaged in or carry on any trade or business mentioned in this chapter until he has paid a special tax therefor in the manner provided in this chapter."

26 U.S.C.A. Int.Rev.Code, § 3271(b) provides that

"All special taxes shall become due on the 1st day of July in each year, or on commencing any trade or business on which such tax is imposed. In the former case the tax shall be reckoned for one year, and in the latter case it shall be reckoned proportionately, from the 1st day of the month in which the liability to a special tax commenced, to and including the 30th day of June following."

26 U.S.C.A. Int.Rev.Code, § 3271(c) (1) provides that "All special taxes imposed by law, * * * shall be paid by stamps denoting the tax."

26 U.S.C.A. Int.Rev.Code, § 3272(a) provides

"It shall be the duty of the special taxpayers to render their returns with remittances to the collector at such times within the calendar month in which the special tax liability commenced as shall enable him to receive such returns, * * * together with the remittances, not later than the last day of the month, * * *."

26 U.S.C.A. Int.Rev.Code, § 3273(b) requires every person engaged in any business, avocation, or employment, who is thereby made liable to a special tax, to place and keep conspicuously in his establishment or place of business all stamps denoting the payment of the special tax.

26 U.S.C.A. Int.Rev.Code, § 3253 provides that any retail liquor dealer who "willfully fails to pay the special tax as required by law" shall, for every such offense, be fined not less than $100 nor more than $5,000 and be imprisoned for not less than 30 days nor more than two years.

It will be noted that § 3271(a) provides that a person shall not engage in a trade or business making him liable to a special tax until he has paid the special tax in the manner provided in chapter 27, while § 3272(a) gives him until the last day of the month in which the special tax liability commences to file his return and pay the special tax.

Sec. 3271(a) had its genesis in § 71 of the Act of June 30, 1864, 13 Stat. 223, 248, which provided:

"That no person, firm, company, or corporation shall be engaged in, prosecute, or carry on any trade, business, or profession, hereinafter mentioned and described, until he or they shall have obtained a license therefor in the manner hereinafter provided."

Sec. 72 of the Act of June 30, 1864, 13 Stat. 223, 248, provided that every person required by the Act to obtain a license to engage in a trade, business, or profession should register with the assistant assessor of the assessment district in which he designed to carry on such trade, business, or

---

[1] Hereinafter referred to as the defendants.

972

profession, and furnish certain information, and that thereupon, upon payment of the special tax, the license should issue.

Sec. 71, supra, was amended by the Act of July 13, 1866, 14 Stat. 98, 113, by eliminating that portion following the word "described" in the third line of § 71, and substituting therefor "until he or they shall have paid a special tax therefor in the manner hereinafter provided."

It was carried into § 3232 of the Revised Statutes of the United States of 1875 and 1878, and ultimately became § 3271, supra.

Subsection (b) of § 3271, supra, had its genesis in § 74 of the Act of July 13, 1866, 14 Stat. 98, 114, which read substantially as the present law, except that the due date of the tax was May 1 instead of July 1. See § 53 of the Act of October 1, 1890, 26 Stat. 567, 624; § 3237, Rev.Stat.1875 and 1878.

When the provision for a license was done away with by the Act of July 13, 1866, provision was made for the issuance of a receipt for the special tax. Later, provision was made for stamps denoting the tax and § 3238 of the Rev.Stat. of 1875 and 1878 provided that "all special taxes imposed by law, * * * shall be paid by stamps denoting the tax."

The present conflict between §§ 3271(a) and 3272, supra, had its inception in § 53 of the Act of October 1, 1890, 26 Stat. 567, 624, which in part provided:

" * * * And it shall be the duty of · special tax payers to render their returns to the deputy collector at such times within the calendar month in which the special tax liability commenced as shall enable him to receive such returns, duly signed and verified, not later than the last day of the month, except in cases of sickness or absence, as provided for in section three thousand one hundred and seventy-six of the Revised Statutes."

It was amended by § 322 of the Act of June 26, 1936, 49 Stat. 1939, 1953, to read as follows:

"(b) It shall be the duty of the special taxpayers to render their returns with remittances to the collector at such times within the calendar month in which the special tax liability commenced as shall enable him to receive such returns, duly signed and verified, together with the remittances, not later than the last day of the month, except in cases of sickness or absence, as provided for in section 3176 of the Revised Statutes, as amended." It will be observed that § 71 of the Act of June 30, 1864, as amended by the Act of July 13, 1866, provided that no person should engage in a trade, business, or profession mentioned and described in the Act until he had paid the special tax therefor in the manner provided in the Act, and that this provision has remained in the special tax statutes down to and including § 3271(a), supra.

It will be observed further that by the Act of October 1, 1890, the taxpayer was given until the last day of the calendar month in which the tax liability commenced to file his return and that, as amended by § 322, supra, of the Act of June 26, 1936, now § 3272, supra, the taxpayer is given until the last day of the month in which the tax liability commences to file his return and pay the tax.

 A criminal statute must be strictly construed.[2] Ambiguities in criminal statutes should not be resolved so as to embrace offenses not clearly within the law.[3] The facts charged and proved must bring the defendant plainly and unmistakably within the statute.[4]

 We are of the opinion that §§ 3271(a) and (b), supra, and § 3272, supra, must be construed together, and that while the tax liability accrues on the commencement of business, the taxpayer has until the last day of the month in which the tax liability commences to file his return and pay the tax. Surely a taxpayer cannot be charged with willfully failing to pay a tax, in the face of a statutory provision that he shall forward his return, together with the remittances, so that the collector will receive them not later than the last day of the month in which the special tax liability commenced, if he pays the tax during such month.

2 Gesell v. United States, 8 Cir., 1 F. 2d 283, 286; United States v. Lacher, 134 U.S. 624, 628, 10 S.Ct. 625, 33 L. Ed. 1080; Prussian v. United States, 282 U.S. 675, 677, 51 S.Ct. 223, 75 L. Ed. 610.

3 Krichman v. United States, 256 U. S. 363, 368, 41 S.Ct. 514, 65 L.Ed. 992; United States v. Zenith Radio Corp., D.C.Ill., 12 F.2d 614, 617.

4 United States v. Brewer, 139 U.S. 278, 288, 11 S.Ct. 538, 35 L.Ed. 190; United States v. Lacher, 134 U.S. 624, 628, 10 S.Ct. 625, 33 L.Ed. 1080.

United States v. Clare, D.C.Pa., 2 F. 55, relied on by the government, was decided prior to the enactment of § 53 of the Act of October 1, 1890, and has little weight here.

The judgments are reversed with instructions to grant the defendants a new trial.