## UNITED STATES v. GEE.

*(District Court, W. D. Michigan, S. D. December, 1890.)*

POSTAL LAWS—OBJECTIONABLE MATTER ON WRAPPER.

Act Cong. Sept. 26, 1888, prohibiting the mailing of matter on the outside cover or wrapper containing language "calculated by its terms * * * and obviously intended to reflect injuriously upon the character or conduct of another," does not apply to a printed paper containing such language, which is not inclosed in a wrapper, but which is merely folded, and the postage stamps placed on the paper itself.

At Law.

*Lewis G. Palmer,* U. S. Atty., and *F. W. Stevens,* Asst. U. S. Atty. *H. P. Stewart* and *H. J. Felker,* for defendant.

SEVERENS, J. Defendant was indicted for a violation of the act of congress of September 26, 1888, (25 St. at Large, p. 496, amended section 3,) which prohibits the mailing of matter upon the outside cover or wrapper of which is language "calculated by its terms * * * and obviously intended to reflect injuriously upon the character or conduct of another." The evidence introduced on the part of the government at the trial of the case showed that the defendant caused to be deposited in the post-office at Centreville, Mich., for mailing and delivery, a large number of four-page printed circulars, about the size of a sheet of note paper, upon all four pages of which was printed matter,—being an account of certain dealings between defendant and another; that these circulars, as deposited for mailing, had no separate wrapper or cover over them, but were folded twice into oblong shape, and the postage stamps placed upon the circulars themselves. Upon the outside pages of the circulars, as so folded and mailed, was language claimed to be " calculated by its terms * * * and obviously intended to reflect injuriously upon the character and conduct of another."

Defendant's counsel moved the court (SEVERENS, J.) to direct a verdict of not guilty, for the reason that the objectionable language was not upon the outside cover or wrapper of the matter mailed, there being no such cover or wrapper; and that, consequently, the case was not within the statute referred to. The motion was granted, and the jury directed accordingly, the court holding that this section of the statute applies only to matter exhibited upon an inclosing wrapper or cover, and not to matter which is contained in the body of the thing mailed; that, the statute being one constituting a criminal offense, it cannot be extended by construction to cases where there is no wrapper or cover at all, even though such cases may be within the reason and policy of the enactment.