## UNITED STATES v. ANDERSON.

(District Court, D. Montana. October 20, 1920.)

No. 3583.

Post office ☞48 (1)—Indictment for libelous matter on envelope need not allege character of contents.

Under Criminal Code, § 212 (Comp. St. § 10382), making it an offense to mail "matter otherwise mailable by law, upon the envelope or * * * wrapper of which, or any postal card upon which," is any language of a libelous or defamatory character, the contents of such an envelope is immaterial, and an indictment thereunder *held* not insufficient because it did not allege that the envelope contained "mailable matter."

Criminal prosecution by the United States against Art M. Anderson. On motion in arrest of judgment. Motion denied.

W. W. Patterson, U. S. Atty., of Helena, Mont.
Wheeler & Baldwin, of Butte, Mont., for defendant.

BOURQUIN, District Judge. The indictment charges that defendant mailed "a certain envelope, upon and on the outside of which was then and there written a libelous, scurrilous, and defamatory epithet, * * * as follows: Liars"—following the address, "Montana Loyalty League," a voluntary association of persons. He objected to evidence, upon the ground that no offense is charged within section 212, Criminal Code (section 10382, West's Comp. Stats.).

Convicted on evidence also disclosing that the envelope contained mailable matter, though not alleged in the indictment, upon the same ground he moves in arrest. Said statute provides it is a punishable offense to mail "matter otherwise mailable by law, upon the envelope or outside cover or wrapper of which, or any postal card upon which," is any indecent, lewd, obscene, libelous, scurrilous, or defamatory

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

matter or epithet. U. S. v. Higgins (D. C.) 194 Fed. 539, and U. S. v. Gee (D. C.) 45 Fed. 194, would hold the indictment insufficient; U. S. v. Burnell (D. C.) 75 Fed. 824, sufficient.

It is believed the latter is the better doctrine. The evil at which the statute aims is not contents, but envelopes, neither greater nor less by reason of contents or absence of them. The object is not regulation of contents, but of envelopes. The intent is not to penalize mailing matter in denounced envelopes, but mailing the envelopes themselves; and all to the end that not only may postal patrons be protected from defamation exposed to postal employees, but also that postal employees may be protected from obscenity exposed to and thrust upon them. There may be none to defame; the address may be fictitious or absent; for matter is mailable, though not addressed.

The gist of the offense is the exposed objectionable matter itself in due course of mail, not that it is exposed inclosing other matter. The statutory words, "matter otherwise mailable," in view of the legislative intent and object, may reasonably be taken, not as defining the offense, but only as "words that are but circumstances and conveyance in the putting of the case," and not controlling construction. See Potter's Dwarris, 246 et seq. Strict construction is not absolute in the case of all penal statutes, nor in all terms thereof.

Intent and object ascertained, words may be given their fullest meaning, and common sense applied to avoid absurdity. Laws for the suppression of a public wrong, or to effect a public good, or to supply a remedy for a general mischief, are not always in the strict sense penal laws, to be given strict construction. Taylor v. U. S., 3 How. 210, 11 L. Ed. 559; Potter's Dwarris, 261; Endlich, Stats. § 337. An envelope without contents is in its nature so far a postal card that in that aspect it is within the statute. The instant case is within the mischief of the statute, and, having in mind the rule illustrated by Lacher's Case, 134 U. S. 624, is believed also sufficiently within the letter of the statute, unless construction that sticks in the bark be adopted.

Motion denied.