## JONES *v.* THE STATE.

1. Interlineations or erasures in an indictment apparently made before it had been acted upon by the grand jury present no cause for quashing the same.
2. An offense against §4595 of the code is set forth by an indictment which charges that, in selling and delivering a load of hay, the accused falsely, fraudulently and for the purpose of defrauding the purchaser, represented to the latter that the hay had been weighed and that its weight was 1244 pounds, when in fact its real weight was only 644 pounds, which was well known to the accused, and that by means of these false and fraudulent representations the purchaser was cheated and defrauded of a specified amount of money.
3. In such case, it was competent to show, as a part of the false and fraudulent representations, that the accused exhibited to the purchaser a written ticket purporting to evidence the weight of the hay; and this is true although the indictment alleged nothing with reference to such ticket.
4. The loss of the ticket in question having been accounted for, and its contents, as it appeared when exhibited to the purchaser, having been proved, the corresponding stub in the book from which the ticket had been taken was admissible in evidence, the witness who had made out both the ticket and the stub having identified the latter and having testified that the figures on both were originally the same and correctly set down, that the stub was made out and kept for the purpose of preserving a record of the weight, and that he could not testify as to the matter except by reference to the stub. Under these circum-

stances, the stub was relevant and material in determining the question as to whether or not the figures originally entered upon the ticket had been changed.

May 4, 1896.

Indictment for cheating and swindling. Before Judge Ross. City court of Macon. March term, 1896.

*Marion Harris,* for plaintiff in error.
*Andrew W. Lane, solicitor-general,* contra.

LUMPKIN, Justice.

The nature of this case and of the questions involved in it will be rendered sufficiently apparent by reading the foregoing *syllabus* in connection with the following brief discussion.

1. One of the grounds of demurrer to the indictment was, that it contained certain interlineations and erasures. The demurrer did not set forth what they were, and the judge certifies, in effect, that they were apparently made before the indictment had been acted upon by the grand jury. We therefore have no difficulty in holding that there was no error in refusing to quash the indictment on this ground.

2. The acts which the indictment charged the accused with committing constituted the offense of being a common cheat and swindler under section 4595 of the code. With a full knowledge of the truth, he falsely stated the weight of the hay, for the purpose of defrauding the purchaser. In principle, the case is quite similar to that of *Tatum* v. *State,* 58 *Ga.* 408, where it appeared that the accused knowingly misrepresented that the eyes of a blind horse, which apparently were good, were sound, and thus cheated and defrauded another person. The recent case of *Parks* v. *State,* 94 *Ga.* 601, is also in point. There the accused cheated and defrauded another by knowingly telling a wilful falsehood as to the then existing capacity of a cow to yield milk, a matter as to which the person to whom the

cow was traded depended upon the statement of the accused.   A promise not meant to be kept is not such a false pretence as will support a prosecution for cheating and swindling; the false pretense must relate to some existing or past fact.   Bish. St. Cr. (1873) §451.   "It appears that a mere false statement of the weight of an article sold is a sufficient false pretense."   2 Bish. New Cr. Law, §442. See, also, section 443, and cases cited.   In support of the text above quoted the author cites the case of Reg. *v.* Sherwood, 40 Eng. Law & Eq. 584, which may also be found reported in 7 Cox Cr. Cas. 270.   In the volume first cited, the *syllabus* is in the following words:   "The prisoner, having contracted to sell and deliver to the prosecutrix a load of coals at 7d. per cwt., delivered to her a load of coals which he knew weighed only 14 cwt., but which he stated to her contained 18 cwt., and he produced a ticket showing such to be the weight, which he said he had himself made out when the coals were weighed.   She thereupon paid him the price as for 18 cwt., which was 2s. 4d. more than was due.   *Held*, that the prisoner was indictable for obtaining the 2s. 4d. by false pretences."   It will be noted that this case is very similar to the case at bar.

There was no error in holding that the indictment charged an offense under the above cited section of the code; and as the evidence was ample to support the indictment, the conviction was not illegal.

3. The indictment did not allege that the accused, as a part of the false and fraudulent representations made to the purchaser, exhibited to the latter a written ticket purporting to evidence the weight of the hay.   We hold, nevertheless, that the ticket in question was admissible at the trial for the purpose of showing by what means the accused endeavored to substantiate the false representations made by him and induce the defrauded party to believe the same, and that it was also competent to prove that the accused exhibited it to the purchaser at the time of selling

the hay for the purpose stated.   The existence of the ticket and the use made of it certainly threw light upon the transaction, and explained the nature of the false representations made by the accused and the purpose and intent with which he made them.   Such representations need not consist solely of mere oral statements, but may be in writing or by signs, or the like; and where, in order to prove the real meaning and intent of the words actually spoken by the accused, it is essential to show his acts and conduct in connection therewith, evidence as to the latter should be received.   Here the exhibition of the ticket and the nature of its contents constituted a part and parcel of what the accused did in carrying out his purpose of defrauding the purchaser, and are practically inseparable from his oral representations.

4.  The stub of this ticket, referred to in the 4th headnote, we think was also relevant and material evidence, as bearing directly upon the question whether or not the figures originally entered upon the ticket had been changed by the accused in order to enable him the better to defraud the purchaser of the hay by inducing him to believe the false representations made in regard to its weight.   The principle upon which this stub was admissible in evidence was recognized by this court in the case of *Davis* v. *State*, 91 *Ga.* 167.   There, a book kept by a car inspector "for the purpose of preserving the memory" of the numbers of railroad cars, was held admissible, in connection with the inspector's testimony as to its genuineness, for the purpose of proving the numbers of certain cars, and thus identifying brasses stolen therefrom, the inspector being unable to testify as to these numbers independently of the book.   In the present case, the person who made out both the ticket and the stub testified that the latter was made out and kept "for the purpose of preserving a record of the weight, and that he could not testify as to the matter except by reference to the stub."   Taken in connection with the other

4

evidence, the contents of the stub were entitled to be treated the same as the sworn testimony of the witness as to other matters concerning which he professed to remember independently of any aid derived therefrom.

*Judgment affirmed.*