# UNITED STATES *v.* BATHGATE ET AL.

# UNITED STATES *v.* BURCKHAUSER ET AL.

# UNITED STATES *v.* COONS ET AL.

# UNITED STATES *v.* FARRELL ET AL.

# UNITED STATES *v.* KLAYER ET AL.

# UNITED STATES *v.* URICHO ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF OHIO.

Nos. 575–580. Argued January 16, 17, 1918.—Decided March 4, 1918.

It is a settled rule in the construction of statutes defining crimes that
there can be no constructive offenses and that to warrant punishment
the case must be plainly and unmistakably within the statute.

Criminal Code, § 19 (Rev. Stats., § 5508) punishing conspiracies to in-
jure, oppress, threaten or intimidate any citizen in the free exercise
or enjoyment of any right or privilege secured to him by the Con-
stitution or laws of the United States, etc., does not include a con-
spiracy to bribe voters at a general election within a State where
presidential electors, a United States senator and a representative in
Congress are to be chosen.

This section means now what it meant when first enacted, as part
of the Act of May 31, 1870, c. 114, 16 Stat. 140; see Crim. Code,
§§ 339, 341; it aims to guard definite personal rights or privileges,
capable of enforcement by a court, such as the right to vote for fed-
eral candidates, but not the political, non-judicable right or privilege,
common to all, that the public shall be protected against harmful
acts, to which latter appertain the general interests of candidate and
voter in the fair and honest conduct of such elections.

In reaching this result the section is construed subject to the rule of
strict construction, above stated, and in the light of the policy of
Congress not to interfere with elections within a State except by
clear and specific provisions.

The express repeal of that section of the original act which dealt
  with bribery (Act of May 31, 1870, *supra*, § 19) strengthens the
  conclusion.

Affirmed.

THE cases are stated in the opinion.

*Mr. Assistant Attorney General Fitts* for the United
States:

Congress may, by appropriate legislation, protect any
right or privilege arising from, created or secured by, or
dependent upon the Constitution of the United States.

The right of suffrage in the election of presidential
electors, United States senators, and members of Congress,
is such a right. *Ex parte Siebold,* 100 U. S. 371, 388, 389;
*Ex parte Yarbrough,* 110 U. S. 651, 663; *United States* v.
*Mosley,* 238 U. S. 383; and other cases.

The right to be free from bribery is included in the
general right of suffrage, and is deducible from the above
decisions; and is, therefore, together with certain other
rights of a somewhat kindred nature, secured to the
citizen and protected by § 19 of the Criminal Code. This
section deals with federal rights guaranteed to citizens by
the Constitution, and with *all* such federal rights, and
protects all without limit. While it may have been con-
ceived in the purpose to protect particular rights of a
peculiar class of citizens, the language employed is plain
and unambiguous, and Congress having committed itself
to its employment is presumed to have intended to bestow
full and absolute protection to the extent of such rights.
*United States* v. *Mosley, supra.* Can it be that the general
words are broad enough to protect the citizen who votes
from personal violence or intimidation (*Ex parte Yar-
brough, supra*), and the election itself from corrupt count
and false certification (*United States* v. *Mosley, supra*),
and yet not broad enough to protect the suffrage rights of a
citizen from annihilation by the bribery of voters and the

consequent undermining of the fabric of representative government? In each case the power and the duty of the government arise not solely for protection to the parties concerned, but from the necessity of the government itself that a right which it has guaranteed shall in fact be protected, viz, the right that every citizen has to be assured by that government that the President, the senators and the members of the House of Representatives will be elected by the votes of free electors, cast according to their free and unpurchased volitions. If, as has been decided in the *Mosley Case*, it is an offense under § 19 for an election board to conspire to make a false return, it is equally an offense for conspirators on the outside to mislead the board into making a false return.

This general right of suffrage includes the right (a) to cast the ballot without personal violence or the threat of it, *United States* v. *Aczel*, 219 Fed. Rep. 917; 232 Fed. Rep. 652; (b) to have the votes counted as cast and certified as correctly counted, *United States* v. *Mosley*, *supra;* and, the government asserts, (c) the right to have honest votes measured against honest votes. *Commonwealth* v. *Rogers*, 181 Massachusetts, 184, and cases cited; *Ex parte Yarbrough,. supra*, pp. 662, 663; *Commonwealth* v. *Silsbee*, 9 Massachusetts, 417, 418; *People* v. *Hoffman*, 116 Illinois, 587, 599.

Under the Constitution and laws of the United States citizens properly qualified have the right to submit their names to the electorate for presidential electors, United States senators, and representatives in Congress. The government is so formed that citizens must be chosen for federal offices, and of necessity it follows that the right given entitles the citizen to a fair ballot and an honest count, free from bribery or corruption of any kind. *United States* v. *Gradwell*, 243 U. S. 476, 480. The right to have the elections for federal candidates conducted fairly, is implied as essential to the existence of the government.

All the rights created or secured by the Constitution are not found in acts of Congress. See *In re Neagle*, 135 U. S. 1; *In re Quarles*, 158 U. S. 532; *Motes* v. *United States*, 178 U. S. 458, 462; *Logan* v. *United States*, 144 U. S. 263; *Hodges* v. *United States*, 203 U. S. 1; *Rakes* v. *United States*, 212 U. S. 55; *United States* v. *Lancaster*, 44 Fed. Rep. 885, 896; *Felix* v. *United States*, 186 Fed. Rep. 685.

The means employed in carrying out the conspiracy to violate the right and whether or not they also offend state laws are immaterial. *United States* v. *Gradwell*, 243 U. S. 476, distinguished. See *Aczel* v. *United States*, 232 Fed. Rep. 652, *s. c.* 244 U. S. 650, 651.

*Mr. John R. Holmes* and *Mr. Sherman T. McPherson*, with whom *Mr. Froome Morris* and *Mr. M. Muller* were on the brief, for defendants in error.

Mr. Justice McReynolds delivered the opinion of the court.

Except as to parties, the indictments in these six cases are alike. Each contains three counts; the first and second undertake to allege a conspiracy to injure and oppress in violation of § 19, Criminal Code, and the third a conspiracy to defraud the United States, contrary to § 37. Demurrers were sustained upon the ground that rightly construed neither section applies to the specified acts.

Section 37, originally part of the Act of March 2, 1867, c. 169, 14 Stat. 471, provides: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years, or

both." It was considered in *United States* v. *Gradwell*, 243 U. S. 476, and held not applicable in circumstances similar to those here presented. The Government has accordingly abandoned the third count.

Section 19 provides: "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, or if two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured, they shall be fined not more than five thousand dollars and imprisoned not more than ten years, and shall, moreover, be thereafter ineligible to any office, or place of honor, profit, or trust created by the Constitution or laws of the United States." And the two counts based thereon charge defendants with conspiring to injure candidates for presidential electors, the United States Senate and representative in Congress at the regular election in Ohio, November 7, 1916, also qualified electors who might properly vote thereat, in the free exercise and enjoyment of certain rights and privileges secured by Constitution and laws of the United States, namely—The right (a) of being a candidate (b) that only those duly qualified should vote (c) that the results should be determined by voters who had not been bribed and (d) that the election board should make a true and accurate count of votes legally cast by qualified electors and no others. The indictment further alleged the conspiracy was carried into effect as intended by purchasing votes of certain electors and causing election boards to receive them and make inaccurate returns.

The real point involved is whether § 19 denounces as criminal a conspiracy to bribe voters at a general election within a State where presidential electors, a United States

senator and a representative in Congress are to be chosen. Our concern is not with the power of Congress but with the proper interpretation of action taken by it. This must be ascertained in view of the settled rule that "there can be no constructive offenses, and before a man can be punished his case must be plainly and unmistakably within the statute" (*United States* v. *Lacher*, 134 U. S. 624, 628); and the policy of Congress to leave the conduct of elections at which its members are chosen to state law alone, except where it may have expressed a clear purpose to establish some further or definite regulation.

Departing from the course long observed, by Act of May 31, 1870, 16 Stat. 140, Congress undertook to prescribe a comprehensive system intended to secure freedom and integrity of elections. Section 19 of that act declares "that if at any election for representative or delegate in the Congress of the United States any person shall knowingly          by force, threat, menace, intimidation, bribery, reward, or offer, or promise thereof, or otherwise unlawfully prevent any qualified voter of any State of the United States of America, or of any Territory thereof, from freely exercising the right of suffrage;          or compel or induce by any such means, or otherwise, any officer of an election in any such State or Territory to receive a vote from a person not legally qualified or entitled to vote;    .    . or aid, counsel, procure, or advise any such voter, person, or officer to do any act hereby made a crime, . . . every such person shall be deemed guilty of a crime, and shall for such crime be liable to prosecution in any court of the United States of competent jurisdiction, and, on conviction thereof, shall be punished by a fine not exceeding five hundred dollars, or by imprisonment for a term not exceeding three years, or both, in the discretion of the court, and shall pay the costs of prosecution." In pursuance of a well understood policy, the Act of February 8, 1894, c. 25, 28 Stat.

36, repealed the foregoing and other kindred sections in Act of 1870 but left in effect § 6, then § 5508, Rev. Stats., and now § 19, Criminal Code. See *United States* v. *Mosley*, 238 U. S. 383; *United States* v. *Gradwell, supra.*

The Government in effect maintains that lawful voters at an election for presidential electors, senator and member of Congress and also the candidates for those places have secured to them by Constitution or laws of the United States the right and privilege that it shall be fairly and honestly conducted; and that Congress intended by § 6, Act of 1870, to punish interference with such right and privilege through conspiracy to influence voters by bribery.

Section 19, Criminal Code, of course, now has the same meaning as when first enacted as § 6, Act of 1870 (see Criminal Code, §§ 339, 341); and considering the policy of Congress not to interfere with elections within a State except by clear and specific provisions, together with the rule respecting construction of criminal statutes, we cannot think it was intended to apply to conspiracies to bribe voters. Bribery, expressly denounced in another section of the original act, is not clearly within the words used; and the reasoning relied on to extend them thereto would apply in respect of almost any act reprehensible in itself, or forbidden by state statutes, and supposed injuriously to affect freedom, honesty, or integrity of an election. This conclusion is strengthened by express repeal of the section applicable in terms to bribery and we think is rendered entirely clear by considering the nature of the rights or privileges fairly within intendment of original § 6.

The right or privilege to be guarded, as indicated both by the language employed and context, was a definite, personal one, capable of enforcement by a court, and not the political, non-judicable one common to all that the public shall be protected against harmful acts, which is

here relied on. The right to vote is personal and we have held it is shielded by the section in question. *Ex parte Yarbrough,* 110 U. S. 651; *United States* v. *Mosley, supra.* The same is true of the right to make homestead entry, *United States* v. *Waddell,* 112 U. S. 76; also, of the right of one held by a United States marshal to protection against lawless violence. *Logan* v. *United States,* 144 U. S. 263. While the opinion in *United States* v. *Gradwell, supra,* does not determine the precise question now presented, it proceeds upon reasoning which contravenes the theory urged by counsel for the Government.

The court below properly construed the statute and its judgments are

*Affirmed.*