### CHAVEZ et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   November 15, 1919.)

#### No. 5113.

CONSPIRACY ⬯43(8)—INDICTMENT; INTERFERENCE WITH ELECTIONS.

An indictment charging that defendants conspired to injure and oppress citizens of the United States in the free exercise of their rights and privileges in respect of an election for presidential electors, United States Senator, etc., *held* not to charge an offense under Criminal Code, § 19 (Comp. St. § 10183), denouncing conspiracy to injure or oppress any citizen in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States; the rights and privileges in question being specifically described in the indictment as those appertaining to the candidates as such and to the electors of the state at large.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Jose Chavez and others were convicted of violating Criminal Code, § 19, and they bring error.   Reversed and remanded.

John R. McFie and A. M. Edwards, both of Santa Fé, N. M., for plaintiffs in error.

Before HOOK, Circuit Judge, and AMIDON and BOOTH, District Judges.

HOOK, Circuit Judge.   Chavez and others were convicted and sentenced for violating section 19, Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1092 [Comp. St. § 10183]), which makes it a crime to "conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States."   The indictment charged that the defendants were the judges and clerks in a precinct in McKinley county, N. M., at an election November 7, 1916, at which certain persons named were candidates for presidential electors, United States Senator and Representative in Congress;   that defendants conspired *"to injure and oppress certain citizens of the said state and of the United States in the free exercise and enjoyment of certain"* federal rights and privileges;   *"that is to say, the rights and privileges appertaining to the said several candidates, and to all the legally qualified voters at said election voting in said state of New Mexico (the latter forming a class of persons not capable of individual designation herein because of the large number thereof)."*   It then states that the right mentioned is of having all legal votes cast properly received, counted, and returned, of having only such votes cast, counted, and returned, and of having the election determined accordingly.   Finally, there is a specification of the means and methods whereby defendants were to accomplish the object of the conspiracy.   We have italicized certain quoted parts of the indictment to bring prominently into view the dominant character of the crime charged.

It was held in United States v. Bathgate, 246 U. S. 220, 38 Sup. Ct.

269, 62 L. Ed. 676, that an indictment much like the one before us did not charge an offense under section 19, Criminal Code. It was there contended by the government that the federal rights or privileges protected by the statute embraced the right of the candidates and of the lawful voters at the election that the election should be fairly and honestly conducted; but the court held that it meant only a definite, personal right, such as that of the individual to vote, and not the general interest of the candidates, or of the electors or the public at large, in the proper conduct of the election.

It needs but a glance at the language of the indictment above quoted to show that it proceeds upon a broad conception of the statute held in the Bathgate Case to be erroneous. The conspiracy charged is, in apt and express words, against the right of the candidates and the voters in the state at large—the right of the former as standing for office and of the latter not distinguishable from the general public interest.

In United States v. Mosley, 238 U. S. 383, 35 Sup. Ct. 904, 59 L. Ed. 1355, the court held the protection of the statute embraced the personal right of a voter to have his ballot counted and returned as he cast it. That is an essential part of the right to vote. In the indictment before us there are some averments which might in other circumstances afford ground for a charge under that construction; but as they now appear they are merely descriptive details of the main charge of conspiracy which as already observed cannot be sustained. They are referable by way of detail to that charge, and do not compose its substantial character. But, however this may be, it clearly appears that the trial below, including the instructions to the jury, proceeded in part upon the broad and erroneous view of the scope of the statute.

The sentences are reversed, and the cause is remanded.