**STEEDLE et al. v. UNITED STATES, and four other cases.**

Nos. 5584, 5594, 5595, 5599, 5671.

Circuit Court of Appeals, Third Circuit.

April 17, 1936.

Rehearing Denied Nov. 4, 1936.

John A. Metz, Harry A. Estep, A. M. Oliver, Mead J. Mulvihill, and John A. Metz, Jr., all of Pittsburgh, Pa., and Francis Shunk Brown, of Philadelphia, Pa., for appellants.

Louis E. Graham, Sp. Asst. to the Atty. Gen., and James I. Marsh, Asst. U. S. Atty. and Horatio S. Dumbauld, U. S. Atty., both of Pittsburgh, Pa., for the United States.

Before BUFFINGTON and THOMPSON, Circuit Judges, and FORMAN, District Judge.

BUFFINGTON, Circuit Judge.

The appellants were convicted for the violation of section 19 of the Criminal Code of the United States, section 5508, R.S., 18 U.S.C.A. § 51. This statute declares it a crime if two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.

The charge against the appellants, none of whom were election officers, was predicated upon their conduct after the election of November 8, 1932. Steedle and Westwood, two of the appellants, were candidates for the Pennsylvania State Legislature from the Twelfth legislative district, embraced in the 34th Congressional District. The unofficial returns being very close, these two appellants arranged the day after the election with the other three appellants to file petitions in common pleas court of Allegheny county for recounts of certain ballot boxes and have several of them "fixed" so as to insure their election. Petitions were actually presented on November 18, 1932, a recount was made resulting in substantial gains for the two appellants, which was, however, thrown out by the common pleas court because the ballots showed evidence of having been tampered with. The recount also showed changes of a minor nature in the tabulation for the candidates for Congress and Senate.

The gist of the crime of the appellants is their unlawful conspiracy. This in turn

is based on their unlawful agreement. "Under a charge of conspiracy the gravamen of the crime is the formation of the agreement." Becher v. United States (C.C.A.) 5 F.(2d) 45, 49; Pelz v. United States (C. C.A.) 54 F.(2d) 1001; Lefco v. United States (C.C.A.) 74 F.(2d) 66.

What was the agreement of the appellants? It was a plan to change the cast votes in order that Steedle and Westwood, two candidates for the state Legislature, might be declared elected. There was no other agreement alleged or proved. Whatever overt acts were committed were done to further this common design.

Reprehensible as this agreement was in violating the state election laws, we see no violation in it of section 19 of the Federal Criminal Code (18 U.S.C.A. § 51), nor the commission of any federal offense. It is not the policy of Congress to interfere with the elections within a state. United States v. Bathgate, 246 U.S. 220, 38 S.Ct. 269, 271, 62 L.Ed. 676; United States v. Gradwell, 243 U.S. 476, 37 S.Ct. 407, 61 L.Ed. 857. The Act of May 31, 1870, c. 114, 16 Stat. 140, undertook to prescribe a comprehensive system intended to secure freedom and integrity of elections. This was repealed by the Act of February 8, 1894, c. 25, 28 Stat. 36. Section 19, of the Criminal Code, however, remains the same as when first enacted as section 6, Act of 1870. The offense which it seeks to punish is a conspiracy to injure, oppress, threaten, or intimidate any citizen in the exercise of their civil rights of voting. It definitely does not undertake to punish the many offenses that may be committed on election, or to punish the appellants in seeking fraudulently to elect themselves members of the state Legislature. Before a man can be punished, his case must be plainly and unmistakably within the statute. United States v. Lacher, 134 U.S. 624, 628, 10 S.Ct. 625, 33 L.Ed. 1080.

In United States v. Bathgate, supra, the defendants were indicted under section 19 of the Criminal Code, for conspiring to purchase votes and making inaccurate returns. The Supreme Court said, "considering the policy of Congress not to interfere with elections within a state except by clear and specific provisions, together with the rule respecting construction of criminal statutes, we cannot think it was intended to apply to conspiracies to bribe voters."

The late case of United States v. Kantor, 78 F.(2d) 710, 711 (C.C.A.2), involved a charge under section 19 of the Criminal Code. The government contended that "the appellants interfered with voters at the machines, rang up votes on the machines, forged signatures of voters, and turned the voting machines in improper positions in the polling places." The conviction was reversed by the court with the caution that section 19 of the Criminal Code does not attempt to regulate or control elections. "It is the individual voter who is protected. It is not every wrongful act, which alters the result of the election, which is punishable under this section of the statute. It must be some act intended to prevent some citizen from exercising his constitutional rights." Admittedly, neither the conspiracy of the appellants, nor any overt act of theirs was directed at any individual citizen.

There was no conspiracy directed against any individual to injure or oppress him in the free exercise of his civil rights. Neither was there any conspiracy directed against an individual because he exercised his rights. What did occur, occurred after the rights had apparently been freely exercised. The offense, if any, was against the state and not the federal government, which had made no provision to punish the acts of the appellants.

After full consideration of the case and of the other questions raised, including the motion of the government to dismiss, we are constrained to hold the judgments of conviction against the appellants should be reversed.