**UNITED STATES v. WALBURG et al.**

No. 15610.

District Court, S. D. California,
Central Division.

Oct. 10, 1942.

354

Leo V. Silverstein, U. S. Atty., and Perry H. Taft, Sp. Atty., Dept. of Justice, both of Los Angeles, Cal., for the Government.

Byron C. Hanna, of Los Angeles, Cal., for the defendants.

YANKWICH, District Judge (after stating the facts as above).

The demurrer of the defendants to the indictment is overruled and submitted.

■ The doubt as to the sufficiency of the indictment which I expressed at the oral argument was occasioned by the absence from the indictment of an allegation to the effect that the defendants knew of the cost-plus contract between the United States and the Los Angeles Ship Building and Dry Dock Corporation, Incorporated. The principle I had in mind was that in fraud, whether it is made the basis of a civil or of a criminal action, the scienter must be alleged and proved. Southern Development Co. v. Silva, 1888, 125 U.S. 247, 250, 8 S.Ct. 881, 31 L.Ed. 678.

■ However, the charge here is not the offense of *defrauding the United States, but conspiracy to defraud.* Hence this case comes under those rulings which hold that, while the essential elements of a substantive offense must be charged with particularity, this is not necessary when conspiracy is charged. More particularly, the indictment here falls within the cases which hold that the allegation that persons conspired is, in itself, a charge of criminal intent. See, Frohwerk v. United States, 1919, 249 U.S. 204, 209, 39 S.Ct. 249, 63 L.Ed. 561; Wong Tai v. United States, 1927, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545; Craig v. United States, 1936, 9 Cir., 81 F.2d 816, 820.

Paragraph 4 of the Indictment charges the conspiracy, its object and the means to to achieve it, with sufficient certainty to satisfy the requirements of due process. When it is alleged that the defendants conspired to deprive the United States, acting by and through the contractor, of the right to competitive bidding, we have adequate pleading of not only the criminal object, but of the criminal intent and means of achieving it.

It is not necessary, in addition, to charge that the defendants knew of the existence of the cost-plus contract, even if it be true that, without such knowledge, the offense is not committed.

Hence the above ruling.

The cause is returned to the Criminal Calendar Department for further hearing.