### SCHMOKEY v. UNITED STATES.

### No. 4043.

United States Court of Appeals
Tenth Circuit.

June 6, 1950.

Charles A. Willis, Denver, Colo., for appellant.

Malcolm Miller, Asst. U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., Eugene W. Davis, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

Schmokey was convicted on two counts of an indictment, each of which attempted to charge an offense under 18 U.S.C.A. § 660.

Section 660, in part, reads as follows:

"Whoever, being a president, director, officer, or manager of *any firm, association, or corporation engaged in commerce as a common carrier,* or whoever, *being an employee of such common carrier* riding in or upon any * * * motortruck, * * * of such carrier moving in interstate commerce, embezzles, * * * any of the moneys, * * * *of such firm, association, or corporation* arising or accruing from * * * such commerce, * * * shall be fined not more than $5,000 or imprisoned not more than ten years, or both." (Italics ours.)

Section 660, supra, in the new Title 18 United States Code Annotated, Crimes and Criminal Procedure, consolidated 18 U.S.C.A. § 412 and a portion of 18 U.S.C.A. § 409, as amended by the Act of July 24, 1946, 60 Stat. 656. Section 409, supra, as amended by the Act of July 24, 1946, covered embezzlement by an employee of any carrier riding in or upon any motor truck transporting property in interstate commerce, of funds arising out of, or accruing from such transportation, regardless of whether the carrier was a firm, association, or corporation, or an individual, but by the plain language of § 660, supra, "employee" is limited to employees of a firm, association, or corporation.

A criminal statute must be strictly construed and not extended in its operation to persons not within its descriptive terms

938

or the fair and clear import of the language used.[1]

The proof adduced established that Burtnett was operating as a carrier under contracts with Greyvan Lines, Inc., and that he provided his own equipment and his own employees and that Schmokey was an employee of Burtnett and not an employee of Greyvan Lines, Inc. We conclude, therefore, that neither count of the indictment charged an offense under § 660, supra.

The judgment is reversed and the cause remanded with instructions to dismiss the indictment.

John L. Westmoreland, Atlanta, Ga., Stokes, Bramwell & Dassori, Washington, D. C. (Frederic D. Dassori, and John W. Stokes, Washington, D. C., of counsel), for petitioners.

Sumner M. Redstone, Ellis N. Slack, Special Assistants to Attorney General, Theron Lamar Caudle, Assistant Attorney General, Charles Oliphant, Chief Counsel, John M. Morawski, Special Attorney, Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

1. United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 81 L.Ed. 127; United States v. Harris, 177 U.S. 305, 309, 20 S.Ct. 609, 44 L.Ed. 780; Kordel v. United States, 335 U.S. 345, 349, 69 S.Ct. 106, 93 L.Ed. 52; United States v. Chemical Foundation, 272 U.S. 1, 18, 47 S.Ct. 1, 71 L.Ed. 131; United States v. Bathgate, 246 U.S. 220, 225, 38 S.Ct. 269, 62 L.Ed. 676; United States v. Brewer, 139 U.S. 278, 288, 11 S.Ct. 538, 35 L.Ed. 190; Farmer v. United States, 10 Cir., 128 F. 2d 970, 972.