**CROLICH et al. v. UNITED STATES.**
**HOLMAN v. UNITED STATES.**

Nos. 13843, 13847.

United States Court of Appeals
Fifth Circuit.

May 20, 1952.

Rehearings Denied June 17, 1952.

See also 101 F.Supp. 782.

Bart B. Chamberlain, Jr., Mobile, Ala., for appellants Crolich and another.

880

W. C. Taylor, Mobile, Ala., for appellant Holman.

Percy C. Fountain, U. S. Atty., Mobile, Ala., for appellee.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellants were jointly indicted under Section 241, Title 18, of the United States Code, for conspiracy to injure, oppress, threaten, and intimidate, citizens in the free exercise and enjoyment of rights and privileges secured to them by the Constitution and laws of the United States. A motion to dismiss the indictment for failure to state an offense under the laws of the United States, and a motion for a bill of particulars, were filed by each of the appellants, which motions were overruled. Thereupon, the appellants' pleas of not guilty (which had previously been entered) were withdrawn, and pleas of *nolo contendere* were entered by them. The court postponed the imposition of sentences until a later date, when one of the defendants was sentenced to imprisonment for 18 months, and to pay a fine of $2000; each of the others was sentenced to imprisonment for a year and a day, and to pay a fine of $750; and every one of them was ordered to stand committed until his fine was paid.

The indictment charges that on or about January 1, 1950, and continuously thereafter until December 14, 1950, when the indictment was filed, the appellants and divers other persons feloniously conspired to injure citizens of the United States in the free exercise and enjoyment of their right to vote for legally qualified persons for the offices of United States Senator and United States Representative in Congress from Alabama, in a primary election to be held on May 2, 1950, in the State of Alabama, as an integral part of the procedure provided by the statutes of Alabama for the election of United States Senators and Congressmen; that it was a part of said conspiracy to obstruct, prevent, and hinder, legally qualified citizens from voting in that election, and to cause disqualified persons to impersonate qualified citizens and to vote in their place; that it was a part of said conspiracy to cast false, forged, and fictitious votes, at said primary election, with the intent that said illegal votes should be counted and thus should dilute, diminish, and destroy, the value and effect of votes legally cast, with the further purpose of causing the election officers to make a false return and certification of the results of said election.

Said Section 241 of Title 18 is an anomaly in the federal code of crimes, 1950 Revised Edition; and it is *sui generis* in the federal law of conspiracy. Ordinarily, a conspiracy is an agreement between two or more persons to do an unlawful thing or to do a lawful thing by unlawful means. Yet it is not a substantive federal crime to do what said Section 241 makes it a federal crime to conspire to do. Under Section 19 of the Enforcement Act of May 31, 1870, 16 Stat. 140, 144, the substantive offenses that appellants were charged with conspiring to commit would have been federal offenses, but that feature of the law was repealed by the Act of February 8, 1894, 28 Stat. 36, leaving Section 6 in force, which is now Section 241, Title 18, of the United States Code. In United States v. Saylor, 322 U.S. 385, at page. 389, 64 S.Ct. 1101 at page 1104, 88 L.Ed. 1341, the court said that said section could hardly have been inadvertently left on the statute books, and added: "Perhaps Congress thought it had an application other than that given it by this court in the Mosley case."

In United States v. Mosley, 238 U.S. 383, 35 S.Ct. 904, 905, 59 L.Ed. 1355, after holding said section to be constitutional and validly to extend some protection "at least" to the right to vote for members of Congress, the court added: "We regard it as equally unquestionable that the right to have one's vote counted is as open to protection by Congress as the right to put a ballot in a box." The court then traced the history of the legislation, and reached the conclusion that Section 19 protected personal rights of a citizen, including the right to cast his ballot and have it honestly counted. In United States v. Saylor, supra, 322 U.S. at pages 389 and 390, 64 S.Ct. 1101, the court said that the legislative history did

not disclose the Congressional purpose in repealing the other sections of the Enforcement Act, while leaving Section 6, later Section 19, now Section 241, in force, and that it was unprofitable to speculate upon the matter. The court, therefore, contented itself with noting the distinction between the Mosley and Bathgate cases, and placed the Saylor case within the ruling in the Mosley case and outside that in the Bathgate case. The latter, U.S. v. Bathgate, is reported in 246 U.S. 220, 38 S.Ct. 269, 62 L.Ed. 676.

The decision in United States v. Saylor was not reached without a strong dissent, but we are bound to follow the majority opinion, which leaves the appellants with no sound basis to support their contentions; also United States v. Saylor fully concedes the power of Congress to make it a crime to conspire to commit a tort or civil wrong in violation of federal constitutional rights of citizens of the United States to vote for members of Congress. Even the dissenting opinion in that case fully concedes that the Congress has ample power to legislate in that field and to protect the election of its members from fraud and corruption. 322 U.S. 392, 64 S.Ct. 1101. See also United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Klein v. United States, 8 Cir., 176 F.2d 184; Prichard v. United States, 6 Cir., 181 F.2d 326.

A plea of *nolo contendere*, like a plea of guilty, leaves open for review only the sufficiency of the indictment, and waives all defenses other than that the indictment charges no offense. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347; United Brotherhood of Carpenters v. United States, 330 U.S. 395, 67 S.Ct. 775, 91 L.Ed. 973; United States v. Luvisch, D.C., 17 F.2d 200; Rice v. United States, 5 Cir., 30 F.2d 681; Kachnic v. United States, 9 Cir., 53 F.2d 312; Roberto v. United States, 7 Cir., 60 F.2d 774; Forthoffer v. Swope, Warden, 9 Cir., 103 F.2d 707; Weatherby v. United States, 10 Cir., 150 F.2d 465. It is not necessary, in an indictment for conspiracy, to set out in detail the evidence of the conspiracy or to describe it with the same degree of particularity as is required in an indictment for

the substantive offense. Mercer v. United States, 3 Cir., 61 F.2d 97; United States v. B. Goedde & Co., D.C., 40 F.Supp. 523; United States v. Walburg, D.C., 47 F.Supp. 352. Therefore, we think that the indictment charges offenses against the United States, and that the judgments appealed from should be affirmed.

Affirmed.