UNITED STATES of America

v.

Andrew SKURLA, et al.

UNITED STATES of America

v.

George CAVADA and John J. Walker.

UNITED STATES of America

v.

Patsy Dominic GRILLO, et al.

UNITED STATES of America

v.

Mike F. SICILLA, et al.

UNITED STATES of America

v.

Althronia BROWN, et al.

UNITED STATES of America

v.

William VIOLA.

UNITED STATES of America

v.

Augustus VANCE, et al.

UNITED STATES of America

v.

Paul THOMAS, Jr.

UNITED STATES of America

v.

Alfred E. RILEY, et al.

UNITED STATES of America

v.

Sanders Sam WILLIS, Sr., and Betty Louise Holbrook.

UNITED STATES of America

v.

William VIOLA and Damon Jenkins.

UNITED STATES of America

v.

Abner Theodore KNIGHT.

Cr. Nos. 14111–14114, 14148, 14106–14110, 14116, 14149.

United States District Court, W. D. Pennsylvania.

Dec. 2, 1954.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert A. Jarvis, Robert E. Kline, Louis C. Glasso, Pittsburgh, Pa., Paul R. McCormick, Greensburg, Pa., for defendants.

GOURLEY, Chief Judge.

In connection with divers indictments returned by the grand jury on March 4, 1954, commonly known as the vote fraud indictments, numerous motions have been filed before this court.

For purposes of clarity the indictments have been classified in specific categories for disposition of the issues presented.

The following opinions are herein reported:

I. Motion to produce records of the grand jury.

II. Motions to quash indictments:

(a) Conspiracy to intimidate indictments, 126 F.Supp. 713.

(b) Bribery indictments, 126 F.Supp. 718.

(c) Perjury indictment, 126 F.Supp. 720.

\* \* \* \* \* \*

### Motion to Produce Records of the Grand Jury.

This is a motion by defendants to require the United States Attorney to produce records of the grand jury for inspection by this court.

The grand jury returned the above indictments alleging a conspiracy to intimidate voters in the November 4, 1952 elections in Pennsylvania, 18 U.S.C. § 241.

Defendants contend that a witness appeared before the grand jury strongly identified with a self-styled reform movement in the area where the alleged intimidations occurred, and that her testimony, which must necessarily have been based upon hearsay, was a contributing factor to these indictments.

They further advance the thesis that the sole purpose of this witness' appearance was to harangue, browbeat or otherwise exert undue influence upon the grand jurors and subvert the purpose of their convening.

Pursuant to the view that this testimony, of an incompetent and inadmissible nature, could have materially swayed the jurors in their deliberations, defendants insist that the court should review the entire proceedings before the grand jury and determine what part, if any, said testimony played in instigating the indictments, so that the court might be materially assisted in evaluating the divers petitions for dismissal.

Appearing before the court, the United States Attorney admitted the participation of the witness in question, but categorically asserted that said testimony represented a mere fragment of the record, and by no stretch of the imagination could have been responsible for producing the indictments.

█ Indeed, the right is well within the discretionary power of this court to review the testimony and minutes of a grand jury, but the court's discretion in that regard will not be exercised except when compelled by overwhelming public interest. Metzler v. United States, 9 Cir., 64 F.2d 203; United States v. Alper, 2 Cir., 156 F.2d 222; United States v. Crolich, D.C., 101 F.Supp. 782; In re Bullock, D.C., 103 F.Supp. 639; 23 C.J.S., Criminal Law, § 1326, p. 956; United States v. Herzig, D.C.S.D.N.Y., 26 F.2d 487.

This power must be exercised in rare instances based upon proof and not upon mere allegation made upon information and belief. Such an allegation could be made by any defendant, imposing upon the court the burden of examining every proceeding before the grand jury, thus resulting in the court both indicting and trying all criminals.

As against the granting of this motion is the historic privacy of the grand jury

proceedings. For hundreds of years this greatest single instrumentality of human freedom and liberty known to our form of government has enjoyed the guarantee of immunity from accountability, recrimination from persecution by those against whom accusations were made. Without this guarantee a witness may well hesitate to testify against one in an official or exalted position. United States v. Rose, 3 Cir., 215 F.2d 617; McDaniel v. Drotman, D.C., 103 F.Supp. 643.

The sole question for determination, therefore, is under which policy will the interest of justice best be subserved, the one requiring secrecy or the other permitting disclosure.

The law appears well settled that if a grand jury considers both competent and incompetent evidence, they can still indict if the competent evidence is sufficient to convince them there is probable cause for them to believe, if it were unexplained that a crime has been committed. United States v. Smyth, D.C., 104 F.Supp. 283; United States v. Oley, D.C., 21 F.Supp. 281; Frisbie v. United States, 157 U.S. 160, 15 S.Ct. 586, 39 L.Ed. 657; United States v. Silverthorne, D.C., 265 F. 853.

Except in extreme instances to prevent clear injustice or an abuse of judicial process, a defendant against whom an indictment has been returned, cannot require the court to review the evidence before the grand jury to determine its sufficiency or whether competent evidence was received. Grace v. United States, 5 Cir., 4 F.2d 658, certiorari denied 268 U.S. 702, 45 S.Ct. 637, 69 L.Ed. 1165.

The United States Attorney, both in his capacity as prosecutor and officer of this court, has stated that the alleged incompetent testimony constitutes an infinitesimal part of the record upon which the indictments are premised.

In view of the strong caveat against needless intrusion upon the undeniable secrecy of grand jury proceedings, and since the defendants have produced nothing tending to establish that there was no competent evidence before the grand jury upon which to base the instant indictments, defendants' motion to require the United States Attorney to produce records of the grand jury for inspection by this court will be refused.

An appropriate Order is entered.