**UNITED STATES of America**

v.

**William VIOLA, Augustus Vance, et al., Paul Thomas, Jr., Alfred E. Riley, et al., Sanders Sam Willis, Sr., et al., and William Viola, et al.**

**Cr. Nos. 14106–14110, 14116.**

United States District Court,
W. D. Pennsylvania.

Dec. 2, 1954.

See also, 126 F.Supp. 711.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert A. Jarvis, Robert E. Kline, Louis C. Glasso, Pittsburgh, Pa., Paul R. McCormick, Greensburg, Pa., for defendants.

GOURLEY, Chief Judge.

Motions to dismiss the above indictments are based on the contention that the allegations are beyond the scope of the statute invoked.

The said indictments were drafted pursuant to Section 597, Title 18 U.S. C.A., which provides:

"Whoever makes or offers to make an expenditure to any person, either to vote or withhold his vote, or to vote for or against any candidate; and

"Whoever solicits, accepts, or receives any such expenditure in consideration of his vote or the withholding of his vote—

"Shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if the violation was willful, shall be fined not more than $10,000 or imprisoned not more than two years, or both."

Indictment at Criminal No. 14108 charges that during the conduct of the general election on November 4, 1952, in certain wards of Brownsville, and the Sixth District of Luzerne Township, Fayette County, Pennsylvania, at which duly qualified candidates for election to the office of the United States Senator from the State of Pennsylvania and Congressman from the Twenty-sixth Congressional District of Pennsylvania were to be elected, the defendant "did unlaw-

fully, wilfully and knowingly make expenditures to Velma H. Porter and Lena Pugh, in consideration of their votes and in consideration of the votes of others brought to the polls by the said Velma H. Porter and Lena Pugh, in said general election."

Indictment at Criminal No. 14106 charges that during the conduct of the general election on November 4, 1952, in certain wards of Brownsville, Fayette County, Pennsylvania, at which duly qualified candidates for election to the office of United States Senator from the State of Pennsylvania and Congressman from the Twenty-sixth Congressional District of Pennsylvania were to be elected, the defendant "did unlawfully, wilfully and knowingly make expenditures to Lena Mae Pugh and Alfred E. Riley, to be expended by the said Lena Mae Pugh and Alfred E. Riley to voters brought to the polls by them and in consideration of the said voters casting their votes."

Indictment at Criminal No. 14109 alleges that during the conduct of the general election on November 4, 1952, in certain wards of Brownsville, Fayette County, Pennsylvania, at which duly qualified candidates for election to the office of the United States Senator and Congressman from the Twenty-sixth Congressional District of Pennsylvania were to be elected, the defendant, Alfred E. Riley, "did unlawfully, wilfully and knowingly make an expenditure to Susan Washington Brown, Reva Bunch, and Edna Mae Dugan, in consideration of their votes in said general election." Under Count 2 it is alleged that the said Susan Washington Brown, Reva Bunch and Edna Mae Dugan "did unlawfully, wilfully and knowingly solicit, accept and receive an expenditure from Alfred E. Riley, for and in consideration of their votes in the said general election."

Indictment at Criminal No. 14110 alleges that during the conduct of the general election on November 4, 1952, in Ward 4 of East Bethlehem Township, Clarksville, Washington County, Pennsylvania, at which duly qualified candidates for election to the office of the United States Senator and Congressman from the Twenty-sixth Congressional District of Pennsylvania were to be elected, the defendant, Sanders Sam Willis, Sr., "did unlawfully, wilfully and knowingly make an expenditure to Betty Louise Holbrook, in consideration of her vote in said general election." Count 2 alleges that the said Betty Louise Holbrook "did unlawfully, wilfully and knowingly solicit, accept and receive an expenditure from Sanders Sam Willis, Sr., for and in consideration of her vote in said general election."

Indictment at Criminal No. 14107 alleges that during the conduct of the general election on November 4, 1952, in certain wards of Brownsville, Fayette County, Pennsylvania, at which duly qualified candidates for election to the office of the United States Senator and Congressman from the Twenty-sixth Congressional District of Pennsylvania were to be elected, the defendant, Augustus Vance, did unlawfully, wilfully and knowingly make an expenditure to Viola Martin and Lillian Robinson in consideration of their votes in said general election. Under Count 2 it is alleged that the said Viola Martin and Lillian Robinson did unlawfully, wilfully and knowingly solicit, accept and receive an expenditure from Augustus Vance, for and in consideration of their votes in said general election.

Indictment at Criminal No. 14116 alleges that during the conduct of the general election on November 4, 1952, in certain wards of Brownsville, Fayette County, Pennsylvania, at which duly qualified candidates for election to the office of the United States Senator and Congressman from the Twenty-sixth Congressional District of Pennsylvania were to be elected, the defendant, William Viola, "did unlawfully, wilfully and knowingly make an expenditure to Damon Jenkins, in consideration of his vote in said general election." Under Count 2 it is alleged that the said Damon Jenkins "did unlawfully, wilfully and knowingly solicit, accept and receive an ex-

penditure from William Viola, for and in consideration of his vote in said general election."

It is contended that the alleged expenditures to the parties named in consideration of the votes of others brought by them to the polls charges a constructive offense against the defendants which is not clearly within the purview of the statute.

In so far as the indictments allege an expenditure to any person, either to vote or withhold his vote, or alleges an acceptance of payment for his vote or the withholding of his vote, such indictments are within the terms and purview of the statute.

Statutes creating and defining crimes cannot be extended by intendment and no act, however wrongful, can be punishable under a statute unless it comes clearly within its terms. The criminal law has refused to recognize constructive offenses. Defendant's case must be plainly and unmistakably within the statute. Todd v. United States, 158 U.S. 278, 282, 15 S.Ct. 889, 39 L.Ed. 982; United States v. Bathgate, 246 U.S. 220, 38 S.Ct. 269, 62 L.Ed. 676; United States v. Lacher, 134 U.S. 624, 10 S.Ct. 625, 33 L.Ed. 1080.

In Criminal Action No. 14106 it is contended that William Viola did unlawfully make expenditures to Lena Mae Pugh and Alfred E. Riley to be expended by the said Lena Mae Pugh and Alfred E. Riley to voters brought to the polls by them and in consideration of the said voters casting their votes. The indictment does not allege that the defendant paid Lena Mae Pugh and Alfred E. Riley either to vote or withhold their vote. There is no conspiracy count in the indictment and in substance it charges that Lena Mae Pugh and Alfred E. Riley, who are not named as defendants therein, made expenditures to voters brought by them to the polls. The offense charged against the defendant is clearly not within the scope of Title 18, Section 597.

For the reasons stated, motion to dismiss Criminal Action No. 14106 will be granted.

In connection with Criminal Action No. 14108, motion to dismiss will be refused, but the following reference will be ordered stricken from the indictment:

"and in consideration of the votes of others brought to the polls by the said Velma H. Porter and Lena Pugh."

It is my judgment that the indictments pursuant to Criminal Actions Nos. 14109, 14110, 14107 and 14116 are within the purview and terms of the statute.

Defendant's motion to dismiss Criminal Action No. 14106 will be granted.

Defendants' motion to dismiss Criminal Action No. 14108 will be refused on condition that reference in the indictment, as heretofore indicated in this opinion, be stricken.

Defendants' motion to dismiss Criminal Actions Nos. 14109, 14110, 14107 and 14116 will be refused.

An appropriate Order is entered.