**UNITED STATES of America**
v.
**Abner Theodore KNIGHT.**
**Cr. No. 14149.**

United States District Court,
W. D. Pennsylvania.

Dec. 2, 1954.

See also, 126 F.Supp. 711.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert A. Jarvis, Robert E. Kline, Louis C. Glasso, Pittsburgh, Pa., Paul R. McCormick, Greensburg, Pa., for defendant.

GOURLEY, Chief Judge.

This is a motion to dismiss an indictment based upon a charge of perjury.

The within indictment has been prepared under Section 1621, Title 18 U.S. C.A., which reads as follows:

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any *material matter* which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both." (Emphasis supplied.)

The indictment charges that "the said defendant did knowingly, wilfully, falsely and contrary to such oath, testify before the said Federal Grand Jury to the following material fact which he did not believe to be true; the defendant testified under oath that he did not cast a vote in Brownsville, Fayette County, in the Western District of Pennsylvania during the general election held November 4, 1952, whereas in truth and in fact and contrary to said oath he did cast a vote in Brownsville, Pennsylvania, on November 4, 1952."

It is contended that the indictment is defective for the reason that the false statement alleged was not material to the matter before the grand jury and that it had no natural tendency to impede or dissuade the grand jury from pursuing its investigation.

The question of materiality in an indictment for perjury is one of law for the court, United States v. Slutzky, 3 Cir., 79 F.2d 504, and the falsity of the statement must be established by the testimony of two independent witnesses or one witness and corroborating circumstances, Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495.

It has recently been decided that the test of the materiality is whether the false testimony has a natural tendency to influence, impede or dissuade the grand jury from pursuing its investigation and if it does, an indictment for perjury may be predicated thereon. La Salle v. United States, 10 Cir., 155 F.2d 452.

It would appear that a statement by a witness that he did not cast a vote

when in reality he did vote, would prove most material in the grand jury's investigation and deliberations as to whether or not a dilution of the total vote had occurred.

I must conclude, therefore, that since the question and answer in issue were material to the inquiry of the grand jury and could have tended to impede or dissuade the grand jury from completing its investigation, the said indictment is in order and in accordance with law.

Moton to dismiss will be refused.

An appropriate Order is entered.