**UNITED STATES of America,**

v.

**George CHANDLER, Jr., W. C. Kelley, Homer Jaynes, J. F. Burton, Robert Walker and Dewey Dyer.**

**No. 8360.**

United States District Court
S. D. West Virginia at Huntington.

Dec. 16, 1957.

Duncan W. Daugherty, U. S. Atty., and Frank Eaton, Asst. U. S. Atty.,

Huntington, W. Va., for the United States.

Ferguson, Baer & Ferguson (Milton J. Ferguson and Philip Baer), Huntington, W. Va., for defendants.

HARRY E. WATKINS, District Judge.

In a motion to dismiss, defendants set up four grounds for dismissal of the indictment: (1) that the facts alleged fail to state an offense under 18 U.S. C.A. § 241; (2) that the indictment has been defaced so as not to be the true and actual bill returned against them by the Grand Jury; (3) that the indictment fails to set forth sufficient facts to enable defendants to plead or prepare a defense; and (4) that 18 U.S. C.A. § 241 does not cover the offenses with which defendants are charged. I find no merit in any of these contentions, and the motion to dismiss will be denied.

█ Grounds (1) and (4) above relate to the same matter and may be treated together. Defendants contend the offenses alleged in the indictment do not come within the purview of 18 U.S.C.A. § 241. That statute reads:

"If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; * * *

"They shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

The indictment charges these defendants with conspiring to injure and oppress the qualified voters of certain voting precincts in the Fourth Congressional District of West Virginia, alleging that the defendants:

"* * * caused ballots to be delivered to unauthorized persons and circulated illegally throughout Lincoln County, West Virginia, and other places, both within and without the State of West Virginia, and marked and caused said ballots to be marked illegally and returned illegally to the election officials of said County; * * * caused absentee ballots to be voted illegally and by persons not entitled to vote in said election; * * * made and caused to be made by a physician false, fraudulent and fictitious certifications of illness, physical disability and injury of alleged voters for the purpose of allowing persons to vote by absentee ballots; * * * made and caused to be made false and fraudulent notarizations in connection with the voting of absentee ballots."

The indictment in this case is almost identical to the indictment in the case of Fields v. United States, 4 Cir., 228 F.2d 544, 545, certiorari denied 350 U.S. 982, 76 S.Ct. 468, 100 L.Ed. 850. In that case the sufficiency of the indictment was attacked, and the court stated:

"We think the indictment clearly stated an offense under 18 U.S.C.A. § 241. Clearly, the right of citizens to vote in the election of members of Congress, in accordance with applicable State laws, is a right secured by the federal Constitution. As was said by Mr. Justice (afterwards Chief Justice) Stone in United States v. Classic, 313 U.S. 299, 315, 61 S.Ct. 1031, 1037, 85 L.Ed. 1368:

" 'Obviously included within the right to choose, secured by the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted at Congressional elections. This Court has consistently held that this is a right secured by the Constitution.'

"See, also, United States v. Mosley, 238 U.S. 383, 35 S.Ct. 904, 59 L.Ed. 1355; Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; United States Constitution, Article 1 §§ 2, 4.

"We think, too, that the acts charged in the indictment clearly

came within both the letter and spirit of 18 U.S.C.A. § 241. These acts served 'to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.' " 228 F.2d at pages 545–546.

Defendants admit in their brief that Section 241 covers cases where there is a conspiracy to forge ballots, or to deposit false ballots in the ballot box, or to make false election returns. This is well established by numerous federal decisions: United States v. Mosley, 238 U.S. 383, 35 S.Ct. 904, 59 L.Ed. 1355; United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; United States v. Saylor, 322 U.S. 385, 64 S.Ct. 1101, 88 L.Ed. 1341; Crolich v. United States, 5 Cir., 196 F.2d 879, certiorari denied 344 U.S. 830, 73 S.Ct. 36, 97 L.Ed. 646; Prichard v. United States, 6 Cir., 181 F.2d 326, affirmed 339 U.S. 974, 70 S.Ct. 1029, 94 L.Ed. 1380. However, defendants urge that the activities complained of in the present indictment deal with violations of the West Virginia Code relating to absentee ballot voting, and that Section 241 does not apply, citing United States v. Bathgate, 246 U.S. 220, 38 S.Ct. 269, 62 L.Ed. 676. The same position was taken by the defendants in the case of Fields v. United States, supra, which involved violations of the Virginia absentee ballot laws, and the Court of Appeals had this to say:

"The distinction between that case and the case under consideration is quite simple. The Bathgate case rested on a charge of conspiracy to bribe voters. In the original Enforcement Act, bribery of voters was made a substantive offense. This section was repealed and the Court saw in this repeal a legislative intention to exclude this offense from the operation of 18 U.S.C.A. § 241." 228 F.2d at page 546.

A further distinction of the Bathgate case from cases like the one at bar is pointed out in United States v. Saylor, supra. In that case, the Supreme Court had before it an indictment charging, under Section 19 of the Criminal Code (the precursor of the present 18 U.S.C.A. § 241), a conspiracy by election officials to refuse to return or count certain ballots and thereby make a false election return. It was urged that the Bathgate case was controlling and that Section 19 was inapplicable. The Court pointed out that in the unanimous Bathgate opinion two distinctions were made: First, it was held that under federal law bribery of voters is treated differently from ballot box stuffing because of the repeal of parts of the Enforcement Act, as mentioned by Judge Dobie in the Fields case quoted above. Secondly, the Court made a clear-cut distinction between the personal right to cast one's own vote and to have it honestly counted, as against the political, non-judicable rights common to all that the public shall be protected against harmful acts. Section 19 was intended to shield the personal right to vote, but was not intended to guard the public against all harmful acts, such as bribery of voters. The Saylor case involved a conspiracy to make a false election return, and it was argued in the Saylor case that if bribery of voters was not a denial of a free and fair choice of voters, that the making of a false election return would be in the same category. The majority of the Supreme Court reiterated the long-established distinctions drawn by the Bathgate case, and held that a conspiracy to make a false election return was a violation of Section 19. In the indictment in this case, it is charged that the purpose of the alleged conspiracy, and the effect of the overt acts, was to "dilute, diminish and destroy the value and effect of votes legally cast." Under the rationale of the Saylor and Mosley cases, that is an invasion of the personal civil right of the individual voter, which right is protected by 18 U.S.C.A. § 241.

Defendants cite certain West Virginia cases to the effect that violation of the absentee ballot laws of the State of West

Virginia does not make the votes cast illegal, since those election laws are merely directive and not mandatory. Defendants then urge that Section 241 is inapposite here because the votes cast and counted as charged in the indictment were not illegal. The same point was raised in the Fields case, supra, but the court took a dim view of that argument, dismissing it with the following terse comment:

"We waste little time over the contention of counsel for defendant that the Virginia election laws are directory. That argument is conclusively answered in the Classic and Mosley cases, supra." 228 F.2d at page 548.

The court goes on to review the evidence in the case, and further states:

"We think the District Court's charge to the jury to the effect that a conspiracy to cast illegal votes in the election contrary to the election laws of Virginia was a crime under 18 U.S.C.A. § 241, was, under the circumstances of this case, entirely proper. This seems to have been settled by the Classic, Yarbrough, Saylor and Mosley cases and the other cases previously cited." 228 F.2d at page 549.

Under the above authorities, I think it is conclusively established that the indictment in this case states an offense under 18 U.S.C.A. § 241. As stated in Prichard v. United States, supra:

"The right to an honest court (count) is a right possessed by each voting elector, and to the extent that the importance of his vote is nullified, wholly or in part, he has been injured in the free exercise of a right or privilege secured to him by the laws and Constitution of the United States." 181 F.2d at page 331.

Defendants' ground (2) above asserts that the indictment has been de-faced in that a name has been marked out in two places. It is urged that this indicates that the indictment is not the true bill returned by the Grand Jury, and that it indicates that evidence was presented the Grand Jury concerning persons other than the defendants here. No authorities are cited, and no evidence has been presented to substantiate defendants' position. In the absence of any showing to the contrary, the Court must conclusively presume that the alteration was made prior to the time that the Grand Jury acted upon the indictment. See Jones v. State, 99 Ga. 46, 25 S.E. 617; Cook v. State, 119 Ga. 108, 110, 46 S.E. 64; Allen v. State, 123 Ga. 499, 51 S.E. 506. The Court order shows that this indictment, in its present form, was returned by the Grand Jury in open court. This indictment constitutes an official record of this Court. It cannot be dismissed merely on defendants' urging that the alteration might have occurred after it was returned. If evidence was presented the Grand Jury concerning persons it did not indict, it cannot be said in any way to have prejudiced these defendants. It is well settled law that an indictment is not vitiated by the failure of the Grand Jury to indict others who might have been indicted.

Defendants' ground (3), that the indictment insufficiently informs them of the charges to enable them to plead or prepare a defense, raises no ground for dismissing the indictment. Defendants asked for, and were given, a lengthy and detailed bill of particulars and no objection has been raised thereto. No specific defect is pointed out by defendants whereby they are prejudiced by a lack of information, no authorities are cited by defendants on this point, and no new objections are raised which are not covered previously.

It is the ruling of this Court that the indictment in this case is sufficient, and defendants' motion to dismiss must be denied.